VILLAGE OF NEW PALTZ, Respondent, v. NEW PALTZ, HIGHLAND AND POUGHKEEPSIE TRACTION COMPANY, Appellant.— Judgment unanimously affirmed, with costs.

# INDEX.

**ABANDONMENT.**
>See Husband and Wife, 3, 6, 7.

**ABUTTING OWNERS.**
>See Municipal Corporation, 4, 5, 6.

**ACCOUNTS AND ACCOUNTING.**
>See, also, Attorney and Client, 1; Corporations, 16; Equity, 2, 3; Executors and Administrators, 4; References, 1.

When Suit Maintainable.
> 1. Accounting between members of law firm — right to accounting as to funds paid to firm conditionally and held by one member in trust to await happening of condition — condition fulfilled before trial of suit pending — dismissal of complaint erroneous. *Breckenridge* v. *Cary*, 156.
> 2. Joint adventure — accounting of transaction involved in joint adventure properly granted. *Franken-Karch Corporation* v. *Castriotis*, 529.
> 3. Suit in equity to compel defendant to account as plaintiff's copartner, sustained. *Herman* v. *Herman*, 924.

Pleading.
> 4. Complaint stating cause of action for accounting and foreclosure of lien against corporation and directors — allegations stating theory of relief incidental to foreclosure should not be construed as stating separate independent causes of action. *New York Income Corporation* v. *Wells*, 136.
> 5. Sufficiency of complaint to show that plaintiff and defendant were engaged in joint adventure under agreement to divide commissions received from third person — receipt of commission by one party in trust as agent of other party to agreement. *Kraemer* v. *World Wide Trading Co., Inc.*, 305.

**ACKNOWLEDGMENT.**
>Certificates of acknowledgment of instruments by persons by their marks, are only *prima facie* proof of due and proper execution, and the question whether instrument was duly executed is for the jury. *Rock* v. *Rock*, 59.

**ADMIRALTY.**
>See Workmen's Compensation Law, 4.

**ADOPTION.**
> 1. Voluntary adoption procured without actual or constructive notice to parent should be sustained as evidence showed that parents had abandoned child. *People ex rel. Lentino* v. *Feser*, 91.
> 2. A parent who has not been heard on abandonment charge cannot be concluded by an *ex parte* determination but must be afforded hearing, either by direct application to judge who made order or in habeas corpus proceedings. *People ex rel. Lentino* v. *Feser*, 91.

**ADULTERY.**
>See Husband and Wife, 8.

**AFFIDAVITS.**
>See Process, 1.

**AGENCY.**
>See Principal and Agent.

**ALIMONY.**
>See Husband and Wife, 4, 5, 9.

## AMENDMENT.

See PLEADINGS, 3.

## ANARCHY.

See CRIMES, 2.

## ANNULMENT OF MARRIAGE.

See HUSBAND AND WIFE, 1–3.

## APPEAL.

See, also, ATTORNEY AND CLIENT, 3; WORKMEN'S COMPENSATION LAW, 48.

IN GENERAL.

1. Appeal is proper remedy to prevent enforcement of invalid rule of Municipal Court of New York city. *People ex rel. Nassoit v. Young*, 513.

2. Leave granted to appeal to Court of Appeals where foreign corporation sued in this State desires to counterclaim where license fee not paid. *Howden & Co. of America, Inc., v. American Condenser & Engineering Corporation*, 882.

3. Appeal granted after order allowing injunction *pendente lite* enjoining railroad from increasing rates. *People v. Long Island Railroad Co.*, 897.

RAISING QUESTION BELOW.

4. Jurisdiction of court in summary proceedings not reviewable where question raised for first time on appeal. *Matter of Balducci v. Rakov*, 52.

5. Failure to except to charge of court in submitting question of joint tort feasors precludes raising objection on appeal. *Warner v. Brill*, 64.

6. In action for breach of executory contract of employment, objection to certain defenses as not authorized cannot be considered, where objections were not raised on trial. *Gerard v. Empire Square Realty Co.*, 244.

7. Failure to raise question of constitutionality of Arbitration Law, in answering affidavit or at Special Term, precludes discussion of question on appeal. *Matter of Yeannakopoulos*, 261.

TAKING APPEAL.

8. Courts are slow to interfere with decision of police executive officer and if review is sought it should be had without delay. *Martin v. O' Keefe*, 814.

DISMISSAL.

9. Motion to dismiss on ground that appeal not taken in time will be denied where copy of decree and notice of entry are not served by moving party. *Matter of Longman*, 882.

STAY OF PROCEEDINGS.

10. Stay of proceedings must be denied where no appeal is pending. *Canham v. Commonwealth Finance Corporation*, 881.

HEARING AND DETERMINATION.

11. Appellate Division is bound to presume that sufficient evidence is offered on behalf of plaintiff to warrant decision in absence of a certificate that case contained all evidence. *Booth Co. v. Adams Express Co.*, 37.

12. Fact that upon argument it was conceded that findings had not been served, and that exceptions might be filed, did not perfect the record so as to permit a review of facts in absence of certificate that record contained papers required by section 1353 of the Code of Civil Procedure or all evidence necessary to determination of question, and there was no order directing filing of the printed case as required. *Booth Co. v. Adams Express Co.*, 37.

13. It seems that in an action on deficiency judgment Appellate Division cannot review decision of Connecticut court as to jurisdiction of parties in foreclosure and as to interpretation of Connecticut statute. *Witherell v. Kelly*, 227.

14. Appeal from surrogate's decree sustaining exceptions to finding of referee and disallowing claim brings up for review order sustaining

**APPEAL** — *Continued.*

exception to allowance of claim although appellant filed no exceptions to decree of surrogate. *Matter of Pluym,* 565.

JUDGMENT.

15. Amendment of order and judgment of Appellate Division to specify particular question of fact on which reversal based. *McKellar v. American Synthetic Dyes, Inc.,* 896.

**ARBITRATION.**

CONSTITUTIONALITY OF STATUTE.

1. Failure to raise question of constitutionality of Arbitration Law, in answering affidavit or at Special Term, precludes discussion of question on appeal. *Matter of Yeannakopoulos,* 261.

EXECUTION OF AGREEMENT.

2. Agreement to arbitrate controversies thereafter arising under contract need not be acknowledged — petition and answer establish existence of controversy between parties. *Matter of Yeannakopoulos,* 261.

CONSTRUCTION OF AGREEMENT.

3. Breach of warranty in sale of fruit — arbitration agreement in margin of broker's note of confirmation of sale — issue whether marginal reference to arbitration was part of contract should be summarily tried — subordinate issue as to provision for arbitration " in the usual manner " referred to arbitration before the board of arbitration of Dried Fruit Association of New York, authorized to settle disputes of such nature. *Matter of Palmer & Pierce, Inc.,* 523.

**ARGUMENTS OF COUNSEL.**

Act of attorney for defendant in criticizing trial justice in argument on appeal, disapproved. *McPhillips v. New York Telephone Co.,* 643.

**ARREST.**

*See* FALSE IMPRISONMENT.

**ASSAULT AND BATTERY.**

In action for assault alleged to have been committed by driver of automobile complaint held to be insufficient because of failure to allege intention and willfulness on part of driver. *Brodsky v. Rieser,* 557.

**ASSESSMENTS.**

*See* MUNICIPAL CORPORATIONS, 3–7; SPECIAL AND LOCAL ASSESSMENTS; TAXATION, 1–9.

**ATTACHMENT.**

*See* PROCESS, 2.

**ATTORNEY AND CLIENT.**

*See, also,* COSTS, 2; EQUITY, 2; HUSBAND AND WIFE, 4.

COMPENSATION.

1. Contract by corporation to represent landowners in condemnation proceedings — agreement by corporation to divide fees and allowances with attorney is invalid — second agreement respecting refund of witness fees leaving first agreement otherwise unaffected — second agreement under which all fees and allowances were payable to attorney did not divest payment under first — attorney need not account for fees received from outside parties — attorney must account for money equitably due corporation notwithstanding illegal agreement. *United States Title Guaranty Co. v. Brown,* 738.

DISBARMENT.

2. Attorney at law disbarred for professional misconduct in soliciting business by circular letters containing false statements and for disregarding prior censure and warning of court. *Matter of Schwarz,* 194.

3. Conviction of attorney in Federal court of felony automatically disbars him by force of section 477 of Judiciary Law and under subdivision 3 of section 88 of said law, and Appellate Division must strike his name from roll on presentation of certified copy of judgment of

**ATTORNEY AND CLIENT** — *Continued.*

conviction— appeal cannot defer action of Appellate Division — if judgment of conviction is reversed application may be made for vacation of order. *Matter of Lindheim,* 827; *Matter of Kaufmann,* 830.

**ATTORNEY-GENERAL.**

1. Special Deputy Attorney-General — Attorney-General has power and authority to fix amount of remuneration for special deputies appointed to act in New York county and city comptroller may not audit — section 61 of Executive Law giving Attorney-General power to " appoint such deputies as he may deem necessary " and fix compensation applies only to salaries paid by State — approval by Attorney-General of amount of bill rendered is in law fixation of compensation *pro tanto* — section 1583 of Greater New York charter providing for auditing of county charges does not apply to Special Deputy Attorney-General appointed by Attorney-General. *People ex rel. Rand v. Craig,* 850.

2. Special Deputy Attorney-General — claim for compensation as counsel to Attorney-General prior to appointment of special deputy to act in city of New York cannot be fixed by Attorney-General but must be audited by city comptroller · under section 1583 of Greater New York charter. *People ex rel. Smyth v. Craig,* 857; *People ex rel. Manley v. Craig,* 859.

**BAILMENTS.**

Insurance of goods — agent of bailee is authorized to make contract to insure furniture stored free of charge — reliance on defendant's promise to insure is sufficient consideration for plaintiff's abandonment of purpose to insure — uninsured furniture having been burned defendant was liable to plaintiff for damages suffered — measure of damages is value of property up to amount of insurance which was to be procured — evidence that furniture was in first-class condition and that like furniture had increased in value since its purchase might be taken into consideration by jury. *Siegel v. Spear & Co.,* 845.

**BANKRUPTCY.**

*See* Sales, 4.

**BANKS AND BANKING.**

*See, also,* Customs and Usages, 1; Executors and Administrators, 2.

Stockholders' Liability.

1. Bank commissioner of foreign State may enforce assessment against stockholder resident of this State — constitutionality of foreign statute increasing liability of stockholder — unnecessary for bank to give notice to testator of meeting called for purpose of determining election of bank to continue business under the act — interest is properly chargeable against an assessment by bank — costs are properly taxed and allowed where action is based upon matters foreign to administration. *Maxwell v. Thompson,* 616.

Loans and Discounts.

2. The penalty prescribed by section 114 of Banking Law for the exaction of interest in excess of six per centum per annum can be recovered only in action expressly brought for that purpose, and prior suit for accounting not *res adjudicata* in such case nor an election of remedies. *Teplitz v. Bloomingdale,* 15.

**BARGE CANAL.**

*See* Canals.

**BILL OF PARTICULARS.**

*See* Pleadings, 17–22.

**BILLS AND NOTES.**

*See, also,* Contracts, 2; Evidence, 8; Payment.

1. Distinction between time of presentment of demand notes carrying interest and those not carrying interest has been abolished — deter-

**BILLS AND NOTES** — *Continued.*

mination of question whether demand note was presented within reasonable time is one of fact, and if facts are disputed question is to be determined by jury. *American Trust Co. v. Manley*, 811.

2. Where holder of demand note testifies that at request and express solicitation of accommodation indorser, note was not presented until three and one-half years had passed, but accommodation indorser testifies to contrary, jury should determine whether note was presented " within a reasonable time." *American Trust Co.* v. *Manley*, 811.

**BONDS.**

*See* LANDLORD AND TENANT, 3.

**BOOKS.**

*See* CORPORATIONS, 4.

**BROKERS.**

*See* CONTRACTS, 1, 4; CONVERSION, 1; PRINCIPAL AND AGENT, 1–4.

**BURDEN OF PROOF.**

*See* DAMAGES, 6; EVIDENCE, 4.

**CANALS.**

Appropriation of land — method of appropriation of land for Barge canal as stated in section 4 of the original Barge Canal Act is not exclusive — appropriation by entry and occupation without notice — filing map by State Engineer is not condition precedent to claim for appropriation — enabling acts giving Court of Claims jurisdiction to award compensation for land appropriated shows intent of Legislature respecting lands appropriated — claim barred by Statute of Limitations entitles claimant to most favorable view — destruction of water rights at level long existing by raising of river amounts to appropriation — damages should allow market value of property taken with consequential remainder — although claim for permanent appropriation is barred by Statute of Limitations interference with water supply is mere trespass and claimant lost right to compensation by failure seasonably to file notice of intention to file claim. *American Woolen Co.* v. *State of New York*, 698.

**CHARGE.**

*See* APPEAL, 5; MASTER AND SERVANT, 5, 6; TRIAL, 5.

**CHILDREN.**

*See* ADOPTION; PARENT AND CHILD, 1, 2.

**CITY.**

*See* MUNICIPAL CORPORATIONS.

**CODE OF CIVIL PROCEDURE.**

[For table containing all sections cited and construed in this volume, see *ante*, p. lxxvii.]

**CODE OF CRIMINAL PROCEDURE.**

[For table containing all sections cited and construed in this volume, see *ante*, p. lxxviii.]

**CODE OF LEGAL ETHICS.**

[For table containing all canons cited and construed in this volume, see *ante*, p. lxxx.]

**CODE OF PROCEDURE.**

[For table containing all sections cited and construed in this volume, see *ante*, p. lxxvii.]

**COINSURANCE.**

*See* INSURANCE, 3.

**COMMERCIAL PAPER.**

*See* BILLS AND NOTES.

**COMMISSIONS.**
        *See* PRINCIPAL AND AGENT, 5–12.

**COMMUNIST SOCIALISM.**
        *See* CRIMES, 2.

**COMPLAINT.**
        *See* PLEADINGS, 4–7.

**CONDEMNATION PROCEEDINGS.**
        *See* ATTORNEY AND CLIENT, 1; CANALS.

**CONFLICT OF LAWS.**
        *See, also,* BANKS AND BANKING, 1.

        State court has no right to enjoin proceedings in United States court where latter court has jurisdiction of parties and subject-matter of litigation — fact that plaintiff cannot set up all defenses or counter-claims does not warrant interference — multiplicity of actions does not furnish basis for relief. *Susquehanna S. S. Co., Inc.,* v. *Andersen & Co., Inc.,* 161.

        [For table of all statutes of States and Territories and foreign countries cited and construed in this volume, see *ante,* pp. lxxix and lxxx.]

**CONSOLIDATED LAWS.**
        [For table containing all chapters and sections cited and construed in this volume, see *ante,* p. lxviii.]

**CONSPIRACY.**
        *See, also,* MONOPOLIES AND COMBINATIONS.

        Jury warranted in finding person charged with criminal anarchy advocated overthrow of government by acts constituting violation of sections 580 and 582 of Penal Law. *People* v. *Gitlow,* 773.

**CONSTITUTIONAL LAW.**
        *See, also,* ARBITRATION, 1; BANKS AND BANKING, 1.

RETROACTIVE EFFECT OF STATUTE.
        1. Tax Law relating to income of non-residents is not invalid because it operates retroactively. *People ex rel. Stafford* y. *Travis,* 635.

CRIMINAL ANARCHY STATUTE.
        2. Statute creating crime of criminal anarchy does not violate Fourteenth Amendment of Federal Constitution, due process of law guaranteed by article 1, section 6, and freedom of speech, etc., guaranteed by article 1, section 8, of State Constitution. *People* v. *Gitlow,* 773.

REHABILITATION FUND.
        3. Provision for raising and administering rehabilitation fund sustained. *Watkinson* v. *Hotel Pennsylvania,* 624.

WORKMEN'S COMPENSATION LAW.
        4. Legislature has power to enact Workmen's Compensation Law, to take away statutory remedy for death claim and substitute another therefor. *Culhane* v. *Economical Garage, Inc.,* 108.
        5. Provision of Workmen's Compensation Law, relative to payment of death benefit of $900 where there are no dependents is valid. *Watkinson* v. *Hotel Pennsylvania,* 624.

        [For tables of the sections of the United States and New York Constitutions cited and construed in this volume, see *ante,* pp. lxvi and lxvii.]

**CONTEMPT.**
        PARTIES TO ACTION.
        1. Violation of injunction restraining defendant from engaging in business — plaintiff must show actual damages — extent of penalty or fine when actual damages not shown — covenant for liquidated damages preceding covenant not to engage in business does not control. *Grand Art Flower Co., Inc.,* v. *Markovits,* 387.

**CONTEMPT** — *Continued.*

WITNESSES.

2. Witness not guilty of contempt by refusing to testify before referee where order of reference was granted and refusal to testify took place before complaint was verified and summons served. *Finkenberg, Inc.,* v. *Crompton Building Corporation,* 20.

**CONTRACTS.**

*See, also,* ARBITRATION, 2, 3; CORPORATIONS, 5, 6; MASTER' AND SERVANT, 1; SALES, 1–4; VENDOR AND PURCHASER, 2, 4.

LEGALITY.

1. Purchases of cotton future contracts do not become unlawful by being closed out by sale of broker, by direction of customer, before time of delivery under contract. *Scandinavian Import-Export Co., Inc.,* v. *Bachman,* 297.

INTERPRETATION.

2. In action on promissory note setting up as defense agreement by plaintiff to execute release to defendant, parol evidence not admissible to explain meaning of " as individual " in agreement. *Gold* v. *Ross,* 721.

3. Where letter actually on its face purports to be written agreement but is only supplementary to an oral contract, parol evidence is admissible to determine what contract was. *Metzger* v. *Coe-Stapley Manufacturing Corporation,* 664.

RESCISSION.

4. Action by stockbroker to recover balance due on marginal account — error to charge jury that verdict for defendant might be rendered not on theory that second order was purchased but that plaintiff would have purchased before such time and at price which would have left credit balance in favor of defendant — right of broker where customer repudiated order to sell stock short — failure of purchasers to give directions, brokers were within right in purchasing stock at market, at time and place specified, to cover short sales. *Newburger* v. *Levinson,* 502.

PERFORMANCE AND BREACH.

5. Action for breach of factor's agreement — substantial damages not shown by unestablished affirmative allegation that plaintiff diligently, but unsuccessfully, endeavored to secure another factor, and that it was compelled to discontinue business — measure of damages where another factor is procured to complete contract — burden of proof is on plaintiff to show substantial damages. *Allied Silk Manufacturers, Inc.,* v. *Erstein,* 366.

6. Amount stipulated in agreement not to engage in business is not liquidated damages where covenant as to liquidated damages preceded covenant not to engage in business — error for court to impose fine for contempt in violating injunction in amount stipulated in contract instead of under section 773 of Judiciary Law. *Grand Art Flower Co., Inc.,* v. *Markovits,* 387.

7. Contract between millinery establishment and designer that latter should make trips to Europe at times deemed most advantageous to establishment gives no right of action for more than nominal damages for breach of such contract. *Inglesli* v. *Hickson, Inc.,* 585.

**CONTRIBUTORY NEGLIGENCE.**

*See* NEGLIGENCE, 6, 7.

**CONVERSION.**

1. Stock — in action for alleged conversion of stock, the question whether defendants agreed to carry said stock or whether sale was for cash, evidence sufficient to show that defendants did not convert stock by sale. *Jacobs* v. *Moore,* 452.

2. Failure by buyer to return goods rejected by him to seller, constitutes conversion. *Stockamore Leather Co.* v. *Duane Shoe Co.,* 947.

**CONVEYANCES.**

*See* DEEDS.

## CORPORATIONS.

*See, also,* APPEAL, 2; BANKS AND BANKING; CONVERSION, 1; NEGLIGENCE, 2; PLEADINGS, 13, 15; TAXATION, 1, 14.

INCORPORATION.

1. Provision in certificate of incorporation that directors can be elected only by unanimous consent of stockholders is invalid as violative of common law and would be contrary to public policy — Stock Corporation Law, § 25, construed and applied. *Matter of Boulevard Theatre & Realty Co.*, 518.

RESIDENCE.

2. Domestic corporation is deemed to have residence in county where principal place of business is located. *Carvel Court Realty Co., Inc.*, v. *Jonas*, 662.

DIVIDENDS.

3. Declaration of dividends of corporations is within discretion of directors and their action with reference thereto, in the absence of bad faith, will not be disturbed by a court of equity — complaint insufficient which does not show that directors recognized propriety of declaring dividends, nor duty so to do, but merely charges general bad faith — allegations as to collusion insufficient to warrant relief. *Nauss* v. *Nauss Brothers Co., No. 1,* 318.

STOCKHOLDERS.

4. Inspection of books — equity will not interfere on theory that it is necessary to maintain *status quo* pending mandamus proceedings instituted for purpose of inspection of books. *Nauss* v. *Nauss Brothers Co., No. 1,* 318.

DIRECTORS.

5. Executory contract of employment — power of majority of directors, acting separately and not collectively, does not extend to bind corporation — acts of all directors who own all stock bind corporation though they act separately and not collectively — measure of damages for breach of executory contract compensable only and claim for money expended by plaintiffs cannot properly be included. *Gerard* v. *Empire Square Realty Co.,* 244.

ULTRA VIRES CONTRACTS.

6. Corporation may not repudiate agreement to deal in cotton futures and recover back moneys deposited as margins on ground of *ultra vires* acts where it is authorized to buy and sell all kinds of personal property — corporation's agreement for purchase of cotton futures with brokers not unlawful — allegations of complaint that defendants executed orders given by plaintiff for purchase and sale of cotton future contracts preclude recovery by plaintiffs in disregard of transactions had by defendants for its account, of money it deposited with defendants. *Scandinavian Import-Export Co., Inc.*, v. *Bachman,* 297.

ACTIONS BY AND AGAINST.

7. Defense of *ultra vires* with respect to trading corporations is not favored. *Scandinavian Import-Export Co., Inc.*, v. *Bachman,* 297.

8. Action in equity by stockholder against corporation and executrix of stockholder to compel distribution of dividends and for other relief, on appeal from an order of the executrix denying her motion on pleadings, question presented for decision is whether complaint sufficiently states cause of action for any equitable relief demanded, and whether she, in her representative capacity, is proper party. *Nauss* v. *Nauss Brothers Co., No. 1,* 318.

9. Executrix of stockholder neither necessary nor proper party in equitable action to compel defendant to declare and distribute dividends. *Nauss* v. *Nauss Brothers Co., No. 1,* 318.

10. Service of summons on corporation will not be set aside on ground that it was not made on managing agent, authorized to receive service, where facts show exercise of powers of managing agent by person who alone is in apparent charge and control. *Municipal Mortgage Co.* v. *461 8th Ave Co., Inc.,* 370.

11. Organization of United States Shipping Board — Congress having provided for incorporation of defendant and authorized Shipping Board

**CORPORATIONS** — *Continued.*

for and on behalf of United States to subscribe not less than one-half capital stock, authorized creation of artificial person and laid aside its sovereign character taking on that of private citizen, stockholder in corporation — such corporation became liable for debts and satisfaction of such debts is to be obtained out of its property and not as claim against United States — New York courts have jurisdiction over transactions within State. *Ingersoll-Rand Co.* v. *United States Shipping Board Emergency Fleet Corporation,* 838.

FOREIGN CORPORATIONS.

12. Oil wells leased by foreign corporation are taxable as real property. *Matter of Hazelwood Oil Co.,* 23.

13. What constitutes doing business within State — casual and occasional solicitation of orders within State does not constitute doing business therein. *Sunrise Lumber Co., Inc.,* v. *Biery Lumber Co.,* 170.

14. Service can only be made on president of corporation who is temporarily within State when corporation doing business within State. *Sunrise Lumber Co., Inc.,* v. *Biery Lumber Co.,* 170.

15. Receivers — courts of this State have jurisdiction to intervene in behalf of stockholders of foreign corporation and appoint receiver therefor. *McHarg* v. *Commonwealth Finance Corporation,* 862.

16. Stockholder's liability for costs in action for accounting — where a stockholder has asked for an accounting and receivership and by stipulation between parties action is discontinued, without costs, stockholder is liable for services and expenses of receivers. *McHarg* v. *Commonwealth Finance Corporation,* 862.

COUNTERCLAIM.

17. Right of foreign corporation to set up counterclaim although license fee is not paid. *Howden & Co. of America, Inc.,* v. *American Condenser & Engineering Corporation,* 882.

**COSTS.**

*See, also,* ATTORNEY AND CLIENT, 1; RECEIVERS, 1.

1. Plaintiff may properly be denied costs where condition on which his right of action depended happened after action commenced, thereby ripening his claim. *Breckenridge* v. *Cary,* 156.

2. Wife not entitled to counsel fees in action for separation where she fails to present to court reasonable ground for commencing action and that there is reasonable probability that she will succeed. *Domb* v. *Domb,* 526.

3. Against executors — costs properly taxed where right to maintain action is based upon matters foreign to administration of estate. *Maxwell* v. *Thompson,* 616.

4. Assessors are entitled to costs and disbursements where assessment sustained on review. *People ex rel. Haile* v. *Parow,* 745.

**COUNTERCLAIM.**

*See* COPARTNERS, 17; PLEADINGS, 13–16.

**COURT OF CLAIMS.**

*See, also,* CANALS.

Jurisdiction of Court of Claims to pass on claim arising out of contract where change in contract was brought about by change of law. *Callanan* v. *State of New York,* 944.

**COURTS.**

*See, also,* HABEAS CORPUS, 1; INJUNCTION, 3; PROHIBITION.

JURISDICTION.

1. Supreme Court has jurisdiction over action against corporation in which United States government owns more than half of stock. *Ingersoll-Rand Co.* v. *United States Shipping Board Emergency Fleet Corporation,* 838.

2. Jurisdiction of Court of Claims to pass on claim arising out of contract where change in contract was brought about by change of law. *Callanan* v. *State of New York,* 944.

**COURTS** — *Continued.*

RULES OF COURT.

3. Rule 35 of Municipal Court of City of New York providing that actions for rent, rental value or occupation of premises and actions for damages sustained through holding over of occupant shall be brought in district where premises are situated is invalid — enforcement cannot be prevented by prohibition. *People ex rel. Nassoit v. Young,* 513.

**COVENANTS.**

See EASEMENTS; LANDLORD AND TENANT, 2, 3; VENDOR AND PURCHASER.

**CRIMES.**

*See, also,* ATTORNEY AND CLIENT, 3.

EVIDENCE.

1. Proof of other crimes — error to permit district attorney after cross-examination of defendant as to watch on his person to call witness to prove his ownership of watch, thus tending to prove distinct and independent crime. *People v. Lehman,* 907.

PARTICULAR CRIMES.

2. Criminal anarchy — conviction of person for publication of manifesto in aid of Communist struggle — Penal Law sections 160–166, relating to criminal anarchy, are not unconstitutional — Legislature has power to make it a crime to advocate within State overthrow of United States Government or of government of another State — such provisions not legislation interfering with free speech — common-law theory of causal connection between acts prohibited and dangers apprehended is not applicable to criminal anarchy — words " by unlawful means " as used in Penal Law, sections 160, 161, construed — criminal anarchy is made crime without criminal intent — evasion of statute by using existing government is no defense — evidence by member of bar of foreign city is admissible to show nature of mass strike — evidence as to circumstances under which articles forming basis of prosecution were prepared is admissible — persistence in offering evidence formerly rejected did not prejudice defendant — argument of district attorney not prejudicial — preclusion of defendant from making statements of facts not in evidence was not prejudicial — charge of court not prejudicial — acts warranting finding person guilty of conspiracy in violation of sections 580–582 of Penal Law. *People v. Gitlow,* 773.

3. Rape — second degree rape — birth of child as corroborative of prosecuting witness — testimony — trial — charge. *People v. Whitson,* 910.

4. Robbery — reversible error in prosecution for robbery to admit evidence of police officers and complaining witness that latter pointed out defendants as perpetrators from among number of men lined up. *People v. Ragazinsky,* 743.

[For tables containing all sections of the Penal Code and Penal Law and of the United States and State Criminal Codes cited and construed in this volume, see *ante,* pp. lxvii and lxxviii.]

**CRUEL AND UNUSUAL TREATMENT.**

See HUSBAND AND WIFE, 8.

**CUSTOMS AND USAGES.**

1. Banking business, how " Sale of Cable Transfer of Exchange " used in. *Equitable Trust Co. v. Keene,* 384.

2. The term " sale of whiskey in bond " is not subject to change by evidence of custom or usage. *Turner-Looker Co. v. Aprile,* 706.

**DAMS.**

See NUISANCE.

**DAMAGES.**

*See, also,* BAILMENTS; CANALS; CONTRACTS, 5–7; LANDLORD AND TENANT, 3, 4; PRINCIPAL AND AGENT, 6–9; SHIPS AND SHIPPING.

NOMINAL DAMAGES.

1. Contract between millinery establishment and designer that latter should make trips to Europe at times deemed most advantageous to

**DAMAGES** — *Continued.*

establishment gives no right of action for more than nominal damages for breach thereof. *Inglesli v. Hickson, Inc.*, 585.

MEASURE OF DAMAGES.

2. Measure of damages for breach of executory contract of employment is compensation for resulting breach which is question for jury — error to include in directed verdict amount of claim for money expended by plaintiffs for use of defendants. *Gerard v. Empire Square Realty Co.*, 244.

3. Action for breach of factor's agreement — substantial damages not shown by unestablished affirmative allegation that plaintiff diligently, but unsuccessfully, endeavored to secure another factor, and that it was compelled to discontinue business — measure of damages where another factor is procured to complete contract. *Allied Silk Manufacturers, Inc., v. Erstein*, 366.

4. Measure of damages for loss of commission on failure of purchaser to take coal purchased from plaintiff's principal, would be agreed commissions if reasonable. *Newman v. Pierson*, 407.

5. Damages on breach of contract to deliver coal during summer and winter of 1918 computed at thirty cents per ton in summer and fifty cents per ton in winter. *Marrone v. Somers Coal Co., Inc.*, 903.

BURDEN OF PROOF.

6. Burden of proof in action against factor for breach of contract is on plaintiff to show substantial damages. *Allied Silk Manufacturers, Inc., v. Erstein*, 366.

**DEBTOR AND CREDITOR.**

Vacation of judgment against defaulting debtor — entry of judgment against defaulting joint debtor erroneous where action not severed — severance of action after judgment entered does not cure error and warrants vacation thereof on motion. *Kriser v. Rodgers*, 394.

**DECEDENT'S ESTATE.**

*See* DESCENT AND DISTRIBUTION; TAXATION, 14, 15.

**DEEDS.**

*See, also,* EASEMENTS; EJECTMENT, 1; VENDOR AND PURCHASER.

EXECUTION.

1. Question whether instrument was duly executed by persons by making their marks is for the jury and certificate of acknowledgment is *prima facie* proof only. *Rock v. Rock*, 59.

OPERATION AND EFFECT.

2. Deed executed by judgment debtor after verdict against him, but before judgment was entered passes good title. *Boyle v. Blankhorn*, 265.

**DEFINITIONS.**

1. "Sale of Cable Transfer of Exchange." *Equitable Trust Co. v. Keene*, 384.

2. "Factory," within Labor Law. *Davis Brothers Realty Corporation, Inc., v. Harte*, 403.

3. "Dishonest," as used in libelous communication. *Browne v. Prudden-Winslow Co.*, 419.

4. "In the usual manner," as referring to arbitration. *Matter of Palmer & Pierce, Inc.*, 523.

**DEMURRER.**

*See* PLEADINGS, 8, 9.

**DEPOSITIONS.**

*See, also,* CONTEMPT, 2.

IN GENERAL.

1. Purpose of bill of particulars and of examination before trial stated — right to have bill of particulars served before examination of defendant before trial. *Zecchini v. Mayer*, 423.

**DEPOSITIONS** — *Continued.*
EXAMINATION BEFORE TRIAL.
2. Where plaintiff sues on agreement and answer alleges that terms are not fully nor correctly set out, and that terms were changed, without stating the change, leaving facts covert, does not constitute good denial — under such circumstances plaintiff may have examination before trial. *Simon* v. *Waldinger & Glaser, Inc.*, 908.

**DESCENT AND DISTRIBUTION.**
1. Distribution of personal property of married woman dying intestate leaving husband and no descendants is controlled by common law and estate vests in husband without administration. *Conlon* v. *Union Dime Savings Bank*, 509.
2. Administrator of deceased husband is entitled to deposit carried by deceased as administrator of his deceased wife's estate under section 103 of Decedent Estate Law. *Conlon* v. *Union Dime Savings Bank*, 509.

**DIRECTORS.**
*See* CORPORATIONS, 5.

**DISCOVERY AND INSPECTION.**
Independent action for discovery is not maintainable. *Huyler's* v. *Broadway-John Street Corp.*, 410.

**DISMISSAL.**
*See* APPEAL, 9.

**DOCUMENTARY EVIDENCE.**
*See* EVIDENCE, 14.

**DOMESTIC RELATIONS.**
*See* ADOPTION; HUSBAND AND WIFE; PARENT AND CHILD.

**DOWER.**
*See* VENDOR AND PURCHASER, 7, 8.

**DRAFTS.**
*See* EVIDENCE, 15.

**DUE PROCESS OF LAW.**
*See* EXECUTORS AND ADMINISTRATORS, 3.

**EASEMENTS.**
Right to have and maintain water pipe underground from spring — original premises where spring was located and pipe discharged on one farm, subsequently divided by brothers by quitclaim deeds, plaintiff's testator receiving deed to house and curtilage, but none of deeds mentioned pipe or spring — defendant acquiring property on which spring was located by warranty deed without any reservation as to pipe or spring, and although house had been supplied with water from spring for many years, right to have and maintain pipe did not pass under deed from plaintiff's brother to plaintiff — no implied easement in favor of plaintiff survived full covenant and warranty deed. *Steinbeck* v. *Helena*, 186.

**EDUCATION LAW.**
Rehabilitation fund — validity of provision of law for raising and administering rehabilitation fund, sustained. *Watkinson* v. *Hotel Pennsylvania*, 624.

**EJECTMENT.**
1. In action in ejectment based on deed alleged to have been executed by defendants the certificate of acknowledgment is *prima facie* proof only of due and proper execution of instrument. *Rock* v. *Rock*, 59.
2. Summary proceedings cannot be maintained against tenant for failure to obey order of fire department, though lease contains covenant for forfeiture for failure so to do — such proceedings cannot be maintained under section 94 of the Labor Law where lease did not obligate compliance with Labor Law but only with orders of municipal and other lawful authorities — ejectment proper remedy. *Davis Brothers Realty Corporation, Inc.*, v. *Harte*, 403.

**ELECTRICITY.**
See Gas and Electricity.

**EMPLOYMENT.**
See Damages, 1, 2.

**EQUITY.**
See, also, Accounts and Accounting; Corporations, 3, 4, 8, 9; Discovery and Inspection; Evidence, 4; Joint Adventure; Municipal Corporations, 6; Nuisance; Partition, 2.

Estoppel.
1. Rule as to equitable estoppel stated — plaintiff in foreclosure estopped from entering deficiency judgment where mortgagor relied on assurances that there would be no deficiency judgment. *Witherell* v. *Kelly,* 227.

Accounting.
2. Accounting between members of law firm — right to accounting as to funds paid to firm conditionally and held by one member in trust to await happening of condition — condition fulfilled before trial of suit pending — dismissal of complaint erroneous. *Breckenridge* v. *Cary,* 156.
3. Complaint stating cause of action for accounting and foreclosure of lien against corporation and directors — allegations stating theory of relief incidental to foreclosure should not be construed as stating separate independent causes of action. *New York Income Corporation* v. *Wells,* 136.

Examination of Corporate Books.
4. Equity will not interfere on theory that it is necessary to maintain *status quo* pending mandamus proceedings instituted for purpose of inspection of books. *Nauss* v. *Nauss Brothers Co., No. 1,* 318.

Pleadings.
5. Determination of sufficiency of complaint in equity on demurrer and after issue joined by answer and cause is brought to trial as suit in equity — complaint cannot be dismissed on ground that plaintiff was not entitled to equitable relief in event it shows action at law. *Kraemer* v. *World Wide Trading Co., Inc.,* 305.

Costs.
6. Plaintiff may properly be denied costs where condition on which his right of action depended happened after action commenced thereby ripening his claim. *Breckenridge* v. *Cary,* 156.

**ESTOPPEL.**
See Equity, 1; Mortgages.

**EVIDENCE.**
See, also, Contracts, 3; Crimes, 1; Damages, 6; Ejectment, 1; Libel, 1; Master and Servant, 2, 5; Motor Vehicles, 5; Vendor and Purchaser, 6; Workmen's Compensation Law, 36–43.

Presumptions.
1. In action for injury through collision of street car and motor truck, court may properly charge that negligence may be presumed on part of carrier in absence of explanation of cause of accident consistent with ordinary care — such presumption rests upon duty carrier owes to passengers in connection with circumstances showing injury might have been occasioned by failure to perform such duty. *Plumb* v. *Richmond Light & R. R. Co.,* 254.

Judicial Notice.
2. Court will take judicial notice of meaning of " sale of whiskey in bond." *Turner-Looker Co.* v. *Aprile,* 706.
3. Appellate Division may take judicial notice of acts of Congress, executive orders of President of United States and of historical facts of general interest. *Ingersoll-Rand Co.* v. *United States Shipping Board Emergency Fleet Corporation,* 838.

**EVIDENCE** — *Continued.*

BURDEN OF PROOF.

4. Plaintiff in equity case must bear burden of proving case by legal and competent evidence to same extent as in any action. *Hurwitz* v. *Calvin Realty Corporation,* 416.

RELEVANCY, MATERIALITY AND COMPETENCY.

5. The purpose of section 829 of the Code of Civil Procedure is to protect estate in the hands of the executors or administrators and to prevent persons interested in the event of an action or special proceeding from testifying to conversations with the deceased. *Matter of Gratton,* 32.

6. Parol evidence cannot be received to impeach official certification of bill by presiding official, or journals of respective houses. *People ex rel. Durham Realty Corporation* v. *La Fetra,* 280.

7. Where letter actually on its face purporting to be written agreement but is only supplementary to an oral contract, parol evidence is admissible to determine what contract was. *Metzger* v. *Coe-Stapley Manufacturing Corporation,* 664.

8. In action on promissory note setting up as defense agreement by plaintiff to execute release to defendant, parol evidence not admissible to explain meaning of " as individual " in agreement — agreement to execute release, though not signed by defendant, was good defense to action on note — transactions respecting two speculative corporations and individual and corporate payments were intermingled and adjusted on sale of plaintiff's interest to third person and comprehended whole subject-matter. *Gold* v. *Ross,* 721.

RES GESTÆ.

9. Action to recover for injuries sustained by child struck by automobile truck — acts of driver attempting to run away were not part of *res gestæ.* *Molino* v. *City of New York,* 496.

WEIGHT AND SUFFICIENCY.

10. Correspondence between parties for purpose of reducing to writing contract which they had made through broker sufficient to show *prima facie* the making of the contract. *Asinof & Sons, Inc.,* v. *Freudenthal,* 79.

11. In an action for breach of contract for the manufacture and sale of goods, evidence held to make out *prima facie* case of valid contract. *Bellas Hess & Co., Inc.,* v. *Alexander & Co., Inc.,* 313.

12. Shoplifter suing for false imprisonment — evidence insufficient to establish that resultant neurasthenia caused disability. *Carroll* v. *Gimbel Brothers, New York,* 444.

13. Evidence that furniture in possession of bailee and destroyed by fire was in first-class condition and that like furniture had increased in value from fifty per cent to seventy-five per cent was sufficient to warrant amount of verdict. *Siegel* v. *Spear & Co.,* 845.

DOCUMENTARY EVIDENCE.

14. Best evidence rule relates entirely to documentary evidence. *Carroll* v. *Gimbel Brothers, New York,* 444.

EXPERT EVIDENCE.

15. Forgery of acceptance of draft may be proved by testimony of handwriting expert by comparison of alleged forged signature with specimen signatures by forger testified to by him as having been written by him, and by specimens of drawer's signature and writings, testified to by witness for plaintiff as being signatures and writings of drawer — specimen signatures of forger testified to by him as not having been written by him, but testified to by witness, after comparison with acknowledged specimens, were not admissible — admission of disputed standards for comparison of signatures and writings is erroneous. *Turnure* v. *Breitung,* 200.

**EXAMINATION BEFORE TRIAL.**

*See* DEPOSITIONS.

**EXCEPTIONS AND OBJECTIONS.**

*See* APPEAL, 4–7.

## EXECUTORS AND ADMINISTRATORS.

*See, also,* BANKS AND BANKING, 1; CORPORATIONS, 9; COSTS, 3; DESCENT AND DISTRIBUTION, 2; TAXATION, 14.

APPOINTMENT.

1. Husband who may obtain possession of his deceased wife's personalty may do so without administration. *Conlon* v. *Union Dime Savings Bank,* 509.

POWERS, DUTIES AND LIABILITIES.

2. Where husband is appointed administrator of wife's estate and gains possession of her money which he deposits in his own name as administrator, deposit should be paid to his administrator on his death rather than to administrator *de bonis non* of wife, form of deposit not changing fact of exclusive ownership. *Conlon* v. *Union Dime Savings Bank,* 509.

3. Possession of testator's property — executor is properly granted leave under Code of Civil Procedure, section 2701, to enter into possession of testator's real property and control and manage same where legacies to be paid amount to $35,000 and total personal and real property do not exceed $40,000, with indebtedness of $2,000, and non-resident residuary devisee has divested herself of all her interest and interest and principal are due and payable on mortgage — such order does not deprive residuary devisee or her grantee of property without due process of law. *Matter of Mould,* 822.

ACCOUNTING.

4. Legatee who has assigned legacy for advances in excess of distributive share and who is also judgment creditor of another legatee, has no standing in court on judicial settlement. *Matter of Pluym,* 565.

CLAIMS AGAINST ESTATE.

5. When release of claim by executor against partnership to testator's partner does not bar such partner's right to assert claim as legatee. *Matter of Pluym,* 565.

6. Proof by widow of alleged claim against husband's estate for money loaned, held insufficient. *Matter of Sheive,* 631.

ACTIONS BY AND AGAINST.

7. Costs properly taxed where right to maintain action against executors is based upon matters foreign to administration of estate. *Maxwell* v. *Thompson,* 616.

## EXEMPTIONS.

*See* SPECIAL AND LOCAL ASSESSMENTS, 1, 2.

## EXPERT EVIDENCE.

*See* EVIDENCE, 15.

## FACTORS.

*See* CONTRACTS, 5; DAMAGES, 3, 6.

## FALSE IMPRISONMENT.

Action by alleged shoplifter for damages for unlawful arrest and detention — verdict in favor of plaintiff contrary to evidence — rejection of evidence as to confession of theft of other articles erroneous. *Carroll* v. *Gimbel Brothers, New York,* 444.

## FIRE INSURANCE.

*See* INSURANCE.

## FORECLOSURE.

*See* EQUITY, 1, 3; LIENS, 2; MORTGAGES.

## FOREIGN CORPORATIONS.

*See* CORPORATIONS, 12–17.

## FORGERY.

*See* EVIDENCE, 15.

## FRAUD.

*See* RELEASE, 2.

## GAS AND ELECTRICITY.

RATES.

1. Injunction *pendente lite* properly granted in action against gas company to restrain enforcement of rates fixed by it independently of Public Service Commission after statutory rates had been adjudged confiscatory — issues may then be determined by trial and not on affidavits. *Morrell* v. *Brooklyn Borough Gas Co.*, 1.

2. Legislature does not authorize gas company to change rates under subdivision 12 of section 66 of the Public Service Commissions Law, but recourse must be had to subdivision 5 of section 66. *Public Service Comm.* v. *Pavilion Natural Gas Co.*, 534.

3. Suit to have statutes fixing gas rates declared unreasonable and confiscatory — court may order reference where long and complicated accounts must be examined. *Bronx Gas & Electric Co.* v. *Public Service Comm., First Dist.*, 554.

4. Gas company cannot raise rates above franchise maximum by filing schedules and publishing under Public Service Commissions Law, section 66, subdivision 12 — procedure must be taken in pursuance of section 71 of said law — Commission after hearing may abrogate contract and fix rate not exceeding that named by statute. *Village of Warsaw* v. *Pavilion Natural Gas Co.*, 716.

FRANCHISE.

5. Franchise fixing maximum rates for gas — Legislature and Public Service Commission have power to modify, but company has no power to change by giving notice to Public Service Commission and by publication. *Public Service Comm.* v. *Pavilion Natural Gas Co.*, 534.

## GENERAL LAWS.

[For table containing all chapters and sections cited and construed in this volume, see *ante*, p. lxviii.]

## GREATER NEW YORK CHARTER.

[For table containing all sections cited and construed in this volume, see *ante*, p. lxxix.]

## HABEAS CORPUS.

PURPOSE OF WRIT.

1. Conviction of relator by city magistrate, holding Domestic Relations Court, was by tribunal of competent jurisdiction — judgment as to relator final until reversed on appeal — writ of habeas corpus does not bring up for review court rulings as to effect of amended decree entered by Nevada court. *People ex rel. Spaet* v. *Warden of City Prison, Kings County*, 908.

POSSESSION OF CHILD.

2. Habeas corpus to obtain possession of infant daughter sought by mother should be dismissed where respondent is respectable and financially able properly to care for the child and stepfather of child is professional gambler in State's prison. *People ex rel. Lentino* v. *Feser*, 90.

## HAZARDOUS EMPLOYMENT.

*See* WORKMEN'S COMPENSATION LAW, 22, 23.

## HUSBAND AND WIFE.

ANNULMENT OF MARRIAGE.

1. Sane spouse cannot maintain action for annulment of marriage on ground of insanity. *Reed* v. *Reed*, 531.

2. Custody of children — on annulment of marriage in action by wife on ground that she was not of age of consent, court has power to award her custody and care of issue of marriage. *Nealon* v. *Nealon*, 694.

3. Support of child — on annulment of marriage by wife, because of lack of legal age, guilty husband may be required to support child, it appearing that he was of age and had abandoned his wife. *Nealon* v. *Nealon*, 694.

SEPARATION.

4. In action for separation alimony and counsel fees should not be granted *pendente lite* where necessary to set aside prior valid separation

**HUSBAND AND WIFE** — *Continued.*

agreement — validity of separation agreement cannot be tried on affidavits. *Davis* v. *Davis*, 430.

5. Alimony — agreement pending divorce proceedings to secure payment of money in lieu of dower, alimony, etc., construed as guaranty on part of defendant — former decision of Appellate Division between same parties on same issue binding — acquiescence in prior decision by paying amount of judgment constitutes practical construction and interpretation of contract — conveyance of property by husband to defendant in trust as indemnity does not affect agreement. *Brown* v. *Cleveland Trust Co.*, 465.

6. Abandonment on part of husband not shown by evidence but rather refusal on part of wife unjustifiably to live with husband — decree in favor of wife denied. *Domb* v. *Domb*, 526.

7. Abandonment entitling spouse to decree of separation must be one contemplating voluntary separation of one from the other without justification. *Domb* v. *Domb*, 526.

8. Complaint alleging adultery by husband insufficient as allegation of cruel and inhuman treatment — causes of action for divorce and separation cannot be united — adultery accompanied by other acts and conduct may constitute cruel and inhuman treatment. *Hofmann* v. *Hofmann*, 596.

9. Alimony — wife not entitled to alimony *pendente lite* and counsel fees where she fails to present to court any evidence that there is reasonable ground for commencing action and that there is reasonable probability that she will succeed. *Domb* v. *Domb*, 526.

## IMMATERIAL ALLEGATIONS.
*See* PLEADINGS, 24.

## IMPUTED NEGLIGENCE.
*See* NEGLIGENCE, 5.

## INCOME TAX.
*See* TAXATION, 12, 13.

## INCOMPETENT PERSONS.
*See* INSANE PERSONS.

## INFANTS.
*See* PARENT AND CHILD.

## INJUNCTION.
*See, also,* CONTEMPT; GAS AND ELECTRICITY, 1; LANDLORD AND TENANT, 10; SUMMARY PROCEEDINGS, 4, 5.

PENDENTE LITE.

1. Injunction *pendente lite* properly granted in action against gas company to restrain enforcement of rates fixed by it independently of Public Service Commission after statutory rates had been adjudged confiscatory — issues may then be determined by trial and not on affidavits. *Morrell* v. *Brooklyn Borough Gas Co.*, 1.

RIGHTS PROTECTED.

2. Corporation engaged in masonry construction which has been compelled to abandon performance of contract because its president had been expelled from union and thereafter it was interfered with by contractors' association and union, is entitled to injunction and damages. *Brescia Const. Co.* v. *Stone Masons Contractors' Assn.*, 647.

JUDICIAL PROCEEDINGS.

3. State court has no right to enjoin proceedings in United States court where latter court has jurisdiction of parties and subject-matter of litigation — fact that plaintiff cannot set up all defenses or counterclaims does not warrant interference — multiplicity of actions does not furnish basis for relief. *Susquehanna S. S. Co., Inc.*, v. *Andersen & Co., Inc.*, 161.

4. Summary proceedings in Municipal Court of City of New York will not be restrained where matters set up constitute defenses which may be set up in answer. *Huyler's* v. *Broadway-John Street Corp.*, 410.

**INJUNCTION** — *Continued.*

MODIFICATION.

5. Injunction modified by limiting amount of stock to be held by defendants to $18,000 — provision for vacation of injunction on showing of compliance. *Rogers* v. *Rasmussen*, 881.

**INSANE PERSONS.**

DETERMINATION OF QUESTION OF INSANITY.

1. Commissioner appointed in proceedings *de lunatico inquirendo* may issue precept before taking oath — oath may be filed *nunc pro tunc* — taking of oath only ministerial act — proceedings probably not void if jury regularly called without precept — jury may be summoned, hearing had and oath filed in county of alleged incompetent's residence or where property affected situated, although petition may have been presented in another county. *Matter of Doyle*, 733.

EFFECT OF INSANITY.

2. Annulment of marriage — insanity is not ground for annulment of marriage by sane spouse. *Reed* v. *Reed*, 531.

**INSTRUCTIONS.**

See MASTER AND SERVANT, 2, 5, 6; PRINCIPAL AND AGENT, 11; TRIAL, 5.

**INSURANCE.**

See, also, BAILMENTS.

FIRE INSURANCE.

1. Coverage — policy on building and extension thereto occupied as store and dwelling does not cover another building on same lot not occupied. *Alterman* v. *Home Insurance Co.*, 151.

2. Construction of policy — there is no ambiguity in insurance policy purporting to insure a dwelling because of the fact that another building not occupied was situated on the same lot. *Alterman* v. *Home Ins. Co.*, 151.

3. Coinsurance — parties to fire policy are not prohibited by Laws of 1917, adding section 121, and standard fire policy thereby adopted, from agreeing that eighty per cent average or coinsurance clause may be added to standard policy. *Aldrich* v. *Great American Insurance Co.*, 174.

**INTEREST.**

See, also, BANKS AND BANKING, 2.

Interest is properly chargeable on a bank assessment against testator from time assessment made. *Maxwell* v. *Thompson*, 616.

**ISSUES.**

See TRIAL, 2.

**JOINDER OF PARTIES.**

See PARTIES, 2.

**JOINT ADVENTURE.**

See, also, ACCOUNTS AND ACCOUNTING, 2.

What constitutes — agreement of one person to contribute time and give benefit of experience in sale of goat skins and of another to purchase skins, with provision that net profits of transaction be divided between parties, constitutes joint adventure. *Franken-Karch Corporation* v. *Castriotis*, 529.

**JUDGMENTS.**

See, also, APPEAL, 15; DEBTOR AND CREDITOR; MORTGAGES; PLEADINGS, 23.

ENTRY.

1. Entry of judgment against defaulting joint debtor who was maker of note erroneous where action not severed — severance of action after judgment entered does not cure error and warrants vacation thereof on motion. *Kriser* v. *Rodgers*, 394.

**JUDGMENTS** — *Continued.*

FORMER JUDGMENT.

2. Judgment in prior suit for accounting between same parties is not *res judicata* in action for penalty prescribed by section 114 of the Banking Law for exaction of excess interest. *Teplitz* v. *Bloomingdale,* 15.

LIEN.

3. Deed of land executed and delivered after verdict against grantor but before judgment is valid and judgment does not become lien on land. *Boyle* v. *Blankenhorn,* 265.

**JUDICIAL NOTICE.**

See EVIDENCE, 2, 3.

**JURISDICTION.**

See COURTS, 1, 2; HABEAS CORPUS, 1; MUNICIPAL COURTS, 1; SHIPS AND SHIPPING; SURROGATE'S COURT; WORKMEN'S COMPENSATION LAW, 44, 45.

**LABOR.**

See LANDLORD AND TENANT, 9; MONOPOLIES AND COMBINATIONS.

**LABOR LAW.**

See, also, EJECTMENT, 2; LANDLORD AND TENANT, 9.

No liability attaches to owner of apartment house where he does not know that the Labor Law forbidding children to work in connection therewith is violated. *Woerz* v. *Rosenfeld,* 19.

**LANDLORD AND TENANT.**

See, also, INJUNCTION, 4; MUNICIPAL COURTS; SUMMARY PROCEEDINGS.

IN GENERAL.

1. Complaint in action to recover for services in procuring tenant, alleging that plaintiff produced tenant able, ready and willing to execute lease, good against demurrer. *Harrity* v. *Steers,* 11.

IMPROVEMENTS ON PREMISES.

2. Tenant is required to make changes ordered by fire department as condition to issuance of permit to manage garage where it covenanted and agreed in lease to comply with and execute lawful orders and regulations of board of health, police department and city corporation. *Frank* v. *Bowman Automobile Co.,* 377.

3. In action on bond to secure performance of covenant in lease to make alterations defendant is estopped to deny that plaintiff is not entitled to recover as if owner, although only lessee under original lease — measure of damages would be cost of alterations — recovery not limited to amount deposited as general security. *Kanter* v. *New Amsterdam Casualty Co.,* 756.

DUTIES AND LIABILITIES OF TENANT AS TO CARE OF PREMISES.

4. Defective sidewalk — action against owner of leased building for injuries sustained by falling on sidewalk in front of building — question of fact whether condition existed prior to lease — whether lease was fictitious was question for determination of jury. *Posner* v. *Cohn,* 373.

POSSESSORY REMEDIES.

5. Landlord and tenant may agree as to what may constitute a breach of covenants and a breach thereof is available to the landlord in summary proceedings instituted under section 2231 of Code of Civil Procedure — breach of covenant before plaintiff acquired property does not constitute defense to proceeding where effect thereof was not known until he was informed by board of fire underwriters — warrant of dispossession cannot be refused on ground that violations of the lease were not willful and that compensatory damages only ought to be awarded. *Matter of Balducci* v. *Rakov,* 52.

6. Notice — fact that landlord gave twenty-one days' notice does not vitiate the notice, even though only three days' notice was required. *Matter of Balducci* v. *Rakov,* 52.

**LANDLORD AND TENANT** — *Continued.*

7. Jurisdictional matters cannot first be raised on appeal. *Matter of Balducci* v. *Rakov,* 52.

8. Mandamus is appropriate proceeding to compel issuance of precept in summary proceedings. *People ex rel. Durham Realty Corporation* v. *La Fetra,* 280.

9. Remedy of landlord for violation of Labor Law by tenant — summary proceedings cannot be maintained against tenant for failure to obey order of fire department respecting requirements of Labor Law, though lease contains covenant for forfeiture for failure so to do — such proceedings cannot be maintained under section 94 of the Labor Law where lease did not obligate compliance with Labor Law, but only with orders of municipal and other lawful authorities — ejectment proper remedy. *Davis Brothers Realty Corporation, Inc.,* v. *Harte.* 403.

10. Injunction granted to restrain summary proceedings pending suit for specific performance of an agreement to renew lease — adequate remedy could not be afforded plaintiff in summary proceedings in Municipal Court of City of New York — summary proceedings tried after denial of injunction — injunction order not issued on appeal — leave to apply for injunction if judgment in summary proceedings reversed. *Loughman* v. *Lilliendahl,* 867.

**LEGACIES.**

*See* WILLS, 2, 3.

**LEGISLATURE.**

Parol evidence cannot be received to impeach official certification of bill by presiding official, or journals of respective houses. *People ex rel. Durham Realty Corporation* v. *La Fetra,* 280.

**LIBEL.**

PRIVILEGED COMMUNICATION.

1. Letter by defendant to its customers stating reason for discharging plaintiff is qualifiedly privileged even though statement may be partially false — proof of actual malice necessary — complaint properly dismissed where alleged libel consisted of statement as to disloyalty and unfaithfulness of employee — " dishonest " as used in communication may mean unfaithfulness. *Browne* v. *Prudden-Winslow Co.,* 419.

PLEADINGS.

2. In action for libel, slander cannot be pleaded as counterclaim, defense, partial defense or in mitigation. *Udovichky* v. *Bacheff,* 860.

**LIENS.**

*See, also,* TRUSTS.

1. Mechanics' liens filed between date of contract of purchase and date for closing constitute incumbrance. *Roberts* v. *New York Life Ins. Co.,* 97.

2. Mechanic's lien — foreclosure — evidence insufficient to support judgment on theory of *quantum meruit* where complaint was framed on contract but plaintiff did not rely on contract on trial — plaintiff in equity case must bear same burden of proof as in any action. *Hurwitz* v. *Calvin Realty Corporation,* 416.

**LIMITATION OF ACTIONS.**

*See* CANALS; MUNICIPAL CORPORATIONS, 8.

**LIQUIDATED DAMAGES.**

*See* CONTRACTS, 6.

**LUNATICS.**

*See* INSANE PERSONS.

**MANDAMUS.**

*See* LANDLORD AND TENANT, 8.

**MARITIME LAW.**

*See* WORKMEN'S COMPENSATION LAW, 4.

**MARRIAGE.**

*See* HUSBAND AND WIFE.

## MASTER AND SERVANT.

*See, also,* DAMAGES, 2; PLEADINGS, 4, 22.

DURATION AND TERMINATION OF CONTRACT OF EMPLOYMENT.

1. Power of majority of directors, acting separately and not collectively does not bind corporation — acts of all directors who own all stock bind corporation though they act separately and not collectively — measure of damages for breach of executory contract compensable only and claim for money expended by plaintiffs for use of corporation cannot properly be included. *Gerard* v. *Empire Square Realty Co.*, 244.

2. Action for wrongful discharge — contract of employment contained in letter to plaintiff and written acceptance — parol evidence inadmissible to show that contract was not to become effective as to term of employment till plaintiff had demonstrated his ability — charge permitting jury to find that written instrument did not embrace real contract erroneous. *Hendricks* v. *Clements*, 144.

3. In action for damages for wrongful discharge count merely alleging wrongful discharge and that there is due a sum certain for unpaid salary limits recovery to salary earned and unpaid. *Inglesli* v. *Hickson, Inc.*, 585.

4. Pleading — where second count in action for wrongful discharge sets up matter alleged in first count and further alleges damages . for failure to send plaintiff abroad as agreed in contract, and it appears that contract might be terminated at expiration of first year by giving thirty days' notice and there is sufficient time to give notice after alleged wrongful discharge, plaintiff would presumptively be entitled to balance of salary for unexpired year only, and demurrer to count was properly overruled. *Inglesli* v. *Hickson, Inc.*, 585.

INJURIES TO EMPLOYEES.

5. Safe place to work — in action for injury by falling of dumbwaiter caused by breaking of rope it was error to charge that the defendant owed the plaintiff duty to furnish safe place to work and .sound and suitable appliances, there being no evidence that the dumbwaiter was not properly constructed or the rope when furnished was not suitable. *Brown* v. *Blanche Realty Co.*, 87.

6. Instructions that duty of employer to furnish safe place to work and suitable appliances was absolute is erroneous. *Brown* v. *Blanche Realty Co.*, 87.

WRONGS TO THIRD PERSONS.

7. Owner of apartment house not liable to infant for injuries sustained in operating dumbwaiter where plaintiff's mother was the janitress of the house and she and her husband alone were authorized to operate same. *Woerz* v. *Rosenfeld*, 19.

DELEGATION OF DUTY.

8. Janitress of apartment house delegating duties to her child acts outside of scope of authority and such unauthorized act causing damage cannot cast liability upon the principals. *Woerz* v. *Rosenfeld*, 19.

## MECHANIC'S LIEN.

*See* LIENS.

## MONOPOLIES AND COMBINATIONS.

Agreement between contractors' association and union against public policy and tending to create monopoly and to throttle competition is illegal — contractor expelled from association is entitled to injunctive relief where interfered with — unions acting as tools or instrumentalities of contractors' association become wrongdoers although having no grievance against the corporation conducted by said expelled member — acts of association and unions being malicious and wanton render each guilty of misdemeanor. *Brescia Const. Co.* v. *Stone Masons Contractors' Assn.*, 647.

## MORTGAGES.

Plaintiff in foreclosure estopped from entering deficiency judgment where mortgagor relied on assurances that there would be no deficiency judgment — failure of mortgagor to protect self, but stipulated that action for strict foreclosure should be modified into sale — positive

**MORTGAGES** — *Continued.*

statement that deficiency judgment would not be taken is not made less positive by giving as reason that property was sufficient to cover mortgage — declaration by plaintiff that deficiency judgment would not be taken not mere expression of opinion — in action on deficiency judgment taken in Connecticut, findings by the Connecticut court that defendant was not misled by representations and declarations of plaintiff that he would not be held responsible personally, are not supported by, but are contrary to, the evidence. *Witherell* v. *Kelly*, 227.

**MOTIONS AND ORDERS.**

*See, also,* REFERENCES, 2–4.

Plaintiff is entitled to have resettlement of order by striking out recitals that certain papers were not read on motion where affidavit that papers were not read is not controverted. *Kedrovsky* v. *Archbishop & Consistory of Russian Orthodox Greek Catholic Church*, 127.

**MOTOR VEHICLES.**

IN GENERAL.

1. Action against manufacturer for injuries alleged to have been caused by defective construction of automobile — defendant entitled to bill of particulars as to specific defects to be relied on and as to place of accident, speed of car and method of driving, but not as to experience of plaintiff and as to exact time of accident. *Drake* v. *National Motor Car & Vehicle Corp.*, 113.

INJURIES TO THIRD PERSONS.

2. Action against owner of car for death of occupant — effect of release given to owner of another car involved in same accident — verdict not against weight of evidence. *Warner* v. *Brill*, 64.

3. Contributory negligence is question for jury. *Joseph* v. *Murray*, 911.

4. Where dispute existed as to whether death resulted from accident or negligent medical treatment, verdict for defendant was properly set aside where jury instructed to find for defendant if deceased would not have died except for negligence of physician attending him. *Ryder* v. *Findlay*, 731.

TRIAL.

5. *Res gestæ* — action to recover for injuries sustained by child struck by automobile truck — act of driver attempting to run away not part of *res gestæ* — evidence admissible to impeach driver. *Molino* v. *City of New York*, 496.

**MUNICIPAL CORPORATIONS.**

OFFICERS.

1. Review of decision of police executive officers upon trial of member of force — suspension of police officer for receiving bribe — refusal on advice of counsel to appear at trial in uniform and disobedience of order of commissioner of public safety on complaint of superior officer for failure to appear in uniform do not constitute insubordination — when dismissal of police officer from force should be reversed and officer reinstated — questionable whether commissioner of public safety under Second Class Cities Law, section 133, has power to require accused policeman to appear for trial in uniform. *Martin* v. *O' Keefe*, 814.

STREETS.

2. In action for personal injuries sustained in collision of automobile with trolley pole maintained in middle of street, maintenance of such pole did not constitute negligence either on part of company or of acquiescing city — no obligation rested on company or city to maintain grass plots around trolley pole legitimately in center of street. *Wegmann* v. *City of New York*, 540.

SPECIAL AND LOCAL ASSESSMENTS.

3. Sewers — statutory exemption of cemetery from assessment for construction is binding on common council, and is beyond remedy in suit by taxpayer for cancellation of assessment — assessment not extending to full depth of corner lots — omission and defects not

**MUNICIPAL CORPORATIONS** — *Continued.*

amounting to " total want of jurisdiction to levy and assess " within meaning of Second Class Cities Law — ordinance putting one-half cost of sewer less than two feet in diameter in city of second class is void under Second Class Cities Law — effect of failure of property owner to resort to procedure laid down by statute for determination of grievances. *Leonhardt* v. *City of Yonkers,* 234.

4. Right of commission of public works to adopt grade of engineers doing state work — record filed in its office sufficient compliance with law requiring commission to give grades to abutting owner. *Levine* v. *Commission of Public Works of City of Hudson,* 351.

5. Right of abutting owner to raise question of jurisdiction when required to pay assessment — system of financing by city doubtful — no bad faith and acquiescence and payment by some abutting owners — assessment should not be set aside. *Levine* v. *Commission of Public Works of City of Hudson,* 351.

6. Suit in equity to set aside assessment by city of Hudson for street curbing constructed under contract with State Highway Commission — waiver of defects in procedure by abutting lot owners having knowledge of defects estop them from making further complaint. *Levine* v. *Commission of Public Works of City of Hudson,* 351.

7. Exemption of railroad property from assessment for cost of lands taken for street purposes — vacant lot adjoining right of way and not being necessary to enjoyment of franchise is subject to assessment, although it may be needed at future time for switch tracks — increase of value by reason of extension of street warrants levy and payment of proportionate share of cost. *People ex rel. N. Y., etc., R. Co.* v. *City of Buffalo,* 389.

ACTIONS BY AND AGAINST.

8. Accrual of action against city — cause of action against city does not accrue until specified notice of claim is given within thirty days after injury or accident — where action is commenced within six months, time limited by charter, after service of notice, demurrer to defense of Statute of Limitations should have been sustained. *Rice* v. *City of Mechanicville,* 268.

[For table containing all sections of municipal charters, ordinances, etc., cited and construed in this volume, see *ante,* pp. lxxix and lxxx.]

**MUNICIPAL COURT CODE.**

[For table of all sections cited and construed in this volume, see *ante,* p. lxxix.]

**MUNICIPAL COURTS.**

*See, also,* HABEAS CORPUS, 1; PROHIBITION.

JURISDICTION.

1. Court's jurisdiction is not ousted by petitioner in summary proceedings alleging present ownership only. *Huyler's* v. *Broadway-John Street Corp.,* 410.

RULES.

2. Rule 35 of Municipal Court of City of New York providing that actions for rent, rental value or occupation of premises and actions for damages sustained through holding over of occupant shall be brought in district where premises are situated is invalid — rule established under section 17 of Municipal Court Code applies only to establishment of parts of court and does not authorize justices to abrogate Code provision and require certain classes of actions to be brought in another district — enforcement cannot be prevented by prohibition. *People ex rel. Nassoit* v. *Young,* 513.

**NEGLIGENCE.**

*See, also,* MASTER AND SERVANT, 5–8; MOTOR VEHICLES; MUNICIPAL CORPORATIONS, 2, 8; RELEASE, 2, 3; STREET RAILWAYS.

PROXIMATE CAUSE.

1. Where automobile passenger injured in collision died subsequently, and dispute existed as to whether death resulted from accident or negligent medical treatment, verdict for defendant was properly set aside

**NEGLIGENCE** — *Continued.*

where jury instructed to find for defendant if deceased would not have died except for negligence of physician attending him. *Ryder* v. *Findlay*, 731.

INJURY TO INVITEE.

2. Action against corporation and its president for personal injuries — injury sustained while riding in wagon with president of corporation at his request or invitation after employment ended — authority of president to invite plaintiff to ride — duty of defendant toward plaintiff — complaint raising disputed issues should not be dismissed. *Gluck* v. *Bedford Cleaning & Dyeing Co., Inc.*, 493.

JOINT WRONGDOER.

3. Defendant in action against him as joint tort feasor may defend on ground that acts of other tort feasors caused the accident, and that defendant was not negligent. *Warner* v. *Brill*, 64.

4. Original wrongdoer whose acts inflict injuries is not relieved by errors of surgeon or nurse. *Ryder* v. *Findlay*, 731.

IMPUTED NEGLIGENCE.

5. Owner of apartment house not liable for negligence of janitress in permitting infant to operate dumbwaiter. *Woerz* v. *Rosenfeld*, 19.

CONTRIBUTORY NEGLIGENCE.

6. Fact that passenger did not get upon or within rails of track before injury by car approaching from opposite direction does not exonerate from charge of contributory negligence. *Wall* v. *International Railway Co.*, 685.

7. Contributory negligence as question for jury. *Joseph* v. *Murray*, 911.

ACTIONS.

8. Injury to person on or near railroad track — in personal injury action verdict in favor of one injured while walking on track held to be contrary to law of case as laid down by court. *Brandorff* v. *Rodgers & Hagerty, Inc.*, 396.

**NEGOTIABLE INSTRUMENTS.**

*See* BILLS AND NOTES.

**NEW TRIAL.**

Court has no power to entertain or grant motion for new trial where jury is waived and formal decision rendered. *Swenson* v. *Trowbridge*, 310.

**NEW YORK CITY.**

*See* ATTORNEY-GENERAL; INJUNCTION, 4; REPLEVIN, 1; TAXATION, 8, 9; TRIAL, 2, 3.

[For tables containing all sections of various charters, codes and ordinances, etc., cited and construed in this volume, see *ante*, pp. lxxix and lxxx.]

**NUISANCE.**

Maintenance of dam — maintenance of dam in navigable waters is not public nuisance where water overflows plaintiff's land only through drainage ditches and not over natural bank — but where it backed up into plaintiff's drainage ditches, bottoms of which were three to five feet below top of bank, technical trespass was thereby committed damaging plaintiff — application at foot of judgment for injunction all relief to which plaintiff entitled. *Thompson* v. *Fort Miller Pulp & Paper Co.*, 271.

**ORDINANCES.**

[For table containing all municipal ordinances, etc., cited and construed in this volume, see *ante*, p. lxxx.]

**PARENT AND CHILD.**

*See, also,* ADOPTION.

CONTRACT BY PARENT ON BEHALF OF CHILD.

1. Contract by mother not general guardian to pay, from moneys received from third person for injuries inflicted on child, stated com-

**PARENT AND CHILD** — *Continued.*
pensation for services in procuring settlement, is not enforcible. *Stuppel v. Rabinowitz,* 498.

HABEAS CORPUS TO SECURE POSSESSION OF CHILD.
2. Habeas corpus to obtain possession of infant daughter sought by mother should be dismissed where respondent is respectable and financially able properly to care for the child and stepfather of child, a professional gambler, is in prison and voluntary adoption order should be sustained where it is shown that the mother voluntarily abandoned the child to the respondent. *People ex rel. Lentino v. Feser,* 91.

ANNULMENT OF MARRIAGE.
3. On annulment of marriage in action by wife on ground that she was not of age of consent, court has power to award her custody and care of issue of marriage. *Nealon v. Nealon,* 694.

**PAROL EVIDENCE.**
*See* EVIDENCE, 6, 8.

**PARTIES.**
PROPER PARTIES.
1. Executrix of stockholder neither necessary nor proper party in equitable action to compel defendant to declare and distribute dividends. *Nauss v. Nauss Brothers Co., No. 1,* 318.

JOINDER.
2. Joinder of shipowner with master in suit by seaman for being left at foreign port without excuse is proper. *Keep v. White,* 736.

**PARTITION.**
IN GENERAL.
1. In suit for partition if deed of property bought at tax sale is void because of improper description in assessment roll equity cannot give relief. *McCoun v. Pierpont,* 726.

TRIAL.
2. In action for partition parties are entitled as of right to have issue tried by jury though case is noticed for trial at Equity Term — practice in First Judicial District where issues are ordered tried by jury — application to Special Term, Part III, for interlocutory judgment may be made — no issue as to wills should be stated in such action. *Sinclair v. Purdy,* 398.

**PAYMENT.**
Application — in an action on a promissory note given for balance due on purchase of fish, in which only question was whether payment was rightfully applied to account of transaction wholly unrelated to note, it appearing that application was applied to a purchase on which deposit had been made, but no delivery, it was error for the trial court to instruct jury that no dispute about an important issue existed, and its failing to correct error when its attention was called thereto, warranted reversal and new trial. *North American Fisheries & Cold Storage, Ltd., v. Green,* 250.

**PENAL CODE.**
[For table containing all sections cited and construed in this volume, see *ante,* p. lxxviii.]

**PENAL LAW.**
[For table containing all sections cited and construed in this volume, see *ante,* p. lxxviii.]

**PENALTIES.**
*See* BANKS and BANKING, 2; CONTEMPT, 1; CONTRACTS, 6.

**PLEADING.**
*See, also,* CORPORATIONS, 17; LANDLORD AND TENANT, 1; LIBEL, 2; MASTER AND SERVANT, 4; PRINCIPAL AND AGENT, 3; REPLEVIN, 3; SALES, 12–16.

**PLEADING** — *Continued.*

IN GENERAL.

1. Pleaders should be required to abandon common-law form of pleading where statute exists. *Robison & Co., Inc.,* v. *Kram, No. 1,* 873.

JOINDER OF ACTIONS.

2. Misjoinder of causes of action against individual defendant is made where there are allegations seeking to have it adjudged that plaintiff is entitled to certain stock of defendant corporation issued to said defendant, and to compel transfer thereof to plaintiff. *New York Income Corporation* v. *Wells,* 136.

AMENDMENT.

3. Amendment should be allowed plaintiff so as to state a cause of action not arising out of and in course of employment or by alleging that defendant failed to comply with the Workmen's Compensation Law. *Culhane* v. *Economical Garage, Inc.,* 108.

COMPLAINT.

4. Complaint in action for wrongful death of servant stating cause of action for injury arising out of and in course of employment — failure to allege non-compliance with Workmen's Compensation Law — demurrer sustained. *Culhane* v. *Economical Garage, Inc.,* 108.

5. Determination of sufficiency of complaint in equity on demurrer and after issue joined by answer and cause is brought to trial as suit in equity — complaint cannot be dismissed on ground that plaintiff was not entitled to equitable relief in event it shows action at law. *Kraemer* v. *World Wide Trading Co., Inc.,* 305.

6. Complaint stating two causes of action — action for purchase price of goods delivered and for damages for anticipatory breach — defendant entitled to have causes of action separately stated and numbered. *Sampson* v. *Pels Co.,* 487.

7. Complaint in action for purchase price of goods delivered and for goods tendered but not accepted where it is alleged that plaintiff delivered part of goods which defendant accepted but did not pay for and that plaintiff offered to deliver and tendered additional goods which defendant refused, is not subject to demurrer for insufficiency. *Robison & Co., Inc.,* v. *Kram, No. 2,* 878.

DEMURRER.

8. Fact that plaintiff sought remedy under Workmen's Compensation Law is matter of defense and cannot be raised by demurrer. *Culhane* v. *Economical Garage, Inc.,* 108.

9. In action to recover money paid in honoring draft demurrer to defense based on foreign law is properly overruled — demurrer to answer setting up usury properly sustained where there is no allegation that contract was made in New York — demurrer properly sustained which is directed to defense of two causes of action which is partial — demurrer to defense based on theory that there is lack of parties plaintiff properly sustained where there is no allegation that parties are within jurisdiction of court. *Hagenaers* v. *Caballero,* 580.

ANSWER.

10. Demurrer to answer setting up usury properly sustained where there is no allegation that contract was made in New York. *Hagenaers* v. *Caballero,* 580.

11. General denial of allegations of complaint upon information and belief is good. *Lazarus* v. *Wiernicki,* 830.

12. In action to recover for goods sold where complaint does not allege that goods were sold to defendant and answer is a general denial upon information and belief, motion may be made to strike out answer as frivolous — defendant thereafter may show that denials were made in good faith and really not frivolous. *Lazarus* v. *Wiernicki,* 830.

COUNTERCLAIM.

13. Counterclaim not pleadable against codefendant in action against corporation which does not affect plaintiff nor relate to matters stated in complaint — one defendant cannot litigate independent matter with codefendant — defendant as to whom complaint dismissed cannot be

PLEADING — *Continued.*

retained to litigate with codefendant. *Nauss* v. *Nauss Brothers Co., No. 2,* 328.

14. Counterclaim in which defendant asks for accounting upon allegation that non-resident third parties have failed to account is subject to demurrer where allowance of the counterclaim would require presence of persons not parties to action. *Hagenaers* v. *Caballero,* 580.

15. Right of foreign corporation to set up counterclaim when sued in this State when license fee not paid. *Howden & Co. of America, Inc.,* v. *American Condenser & Engineering Corporation,* 882.

16. Fact that defendant claims large amount of damages, which he will probably not be able to establish, is no reason for sustaining demurrer to counterclaim. *Fromm* v. *Ajello,* 906.

BILL OF PARTICULARS.

17. In an action against manufacturer for injuries alleged to have been caused by defective construction of automobile, the defendant is entitled to a bill of particulars as to defect in construction or material which caused accident, specific defects to be relied on, place of accident, speed of car and method of driving — but particulars as to experience of plaintiff in driving and exact time of accident should not be granted. *Drake* v. *National Motor Car & Vehicle Corp.,* 113.

18. Order for bill of particulars of defense of payment will be denied unless very special reasons appear — bill will not be granted where plaintiff in action to recover balance alleged to be due on insurance premiums where plaintiff did not state details of transaction covering several thousand policies. *Yangtsze Insurance Assn., Ltd.,* v. *Stark & Co., Inc.,* 401.

19. Purpose of bill of particulars — seldom granted before answer — object not to supply defects in pleading, but to limit evidence. *Royle* v. *McLaughlin,* 413.

20. Purpose of bill of particulars and of examination before trial stated — right to have bill of particulars served before examination of defendant before trial — inability of plaintiff to state definitely particulars required permits him to make best statement possible and state reasons for not giving details. *Zecchini* v. *Mayer,* 423.

21. Bill of particulars may be required as to consideration of option in action for specific performance thereof after property is conveyed to another during life of option. *Mandel* v. *Guardian Holding Co., Inc.,* 576.

22. Breach of contract of employment — failure to divulge information to employer — court will not compel defendant to give particulars as to information based on admissions or declarations of plaintiff and withheld by him. *Reilly* v. *Gutmann Silks Corporation,* 681.

JUDGMENT ON PLEADINGS.

23. On motion for judgment on pleading denials in answer must be ignored and complaint tested as on demurrer. *Brodsky* v. *Rieser,* 557.

IMMATERIAL ALLEGATIONS.

24. In action for breach of warranty under contract of sale, allegations in complaint as to nationality and non-residence of defendant immaterial and motion to strike same out properly made by defendant. *Symington* v. *Haxton,* 85.

INDEFINITE ALLEGATIONS.

25. On motion to make complaint definite and certain question is whether one or more allegations are so indefinite or uncertain that precise meaning is not apparent — in action for price of goods sold, failure to allege date or dates on which goods were sold makes allegation uncertain — relief by bill of particulars not equivalent to order to make definite and certain. *Royle* v. *McLaughlin,* 413.

[For table containing all sections of the Code of Civil Procedure cited and construed in this volume, see *ante,* p. lxxvii.]

PRACTICE.

*See* PLEADING.

## PRESUMPTIONS.
See EVIDENCE, 1; STREET RAILWAYS, 2.

## PRINCIPAL AND AGENT.
See, also, BAILMENTS; LANDLORD AND TENANT, 1.

CREATION AND EXISTENCE OF RELATION.
1. Rules of Cotton Exchange that brokers deal as principals do not preclude making of contract between customer and broker, by which as between them broker should become agent of customer. *Scandinavian Import-Export Co., Inc.,* v. *Bachman,* 297.

RIGHTS OF AGENT.
2. Marginal contracts — action by stockbroker to recover balance due on marginal account — error to charge jury that verdict for defendant might be rendered not on theory that second order was purchased but that plaintiff would have purchased before such time and at price which would have left credit balance in favor of defendant — right of broker where customer repudiated order to sell stock short — failure of purchasers to give directions, brokers were within right in purchasing stock at market, at time and place specified, to cover short sales. *Newburger* v. *Levinson,* 502.

AGENT'S LIABILITY.
3. In action for alleged conversion of stock, the question whether defendants agreed to carry said stock or whether sale was for cash, evidence sufficient to show that defendants did not convert stock by sale — dismissal of complaint should have been granted — acceptance of check and retention of proceeds constitute ratification of broker's act. *Jacobs* v. *Moore,* 452.

RATIFICATION OF ACT OF AGENT.
4. Acceptance of check for unliquidated claim from broker and retaining proceeds of same constitutes ratification of broker's acts as agent for his client. *Jacobs* v. *Moore,* 452.

COMMISSIONS.
5. Salesman's contract for compensation by way of commissions on sales made within special territory does not entitle him to commissions on sales for articles to be used in a foreign land, and for which negotiations were made outside the territory although contract for goods was signed within territory. *Wachtel* v. *Mosler & Co.,* 240.
6. Measure of damages for loss of commission on failure of purchaser to take coal purchased from plaintiff's principal, would be agreed commissions if reasonable. *Newman* v. *Pierson,* 407.
7. In action for damages caused by defendant failing to perform agreement to purchase coal from plaintiff's principal whereby plaintiff lost commissions, it is not necessary to allege agreed commissions were reasonable value of services. *Newman* v. *Pierson,* 407.
8. In action for commissions measure of damages is amount of commissions seller had agreed to pay plaintiff on sale, if reasonable. *Newman* v. *Pierson,* 407.
9. In action to recover damages for failure to perform agreement of purchase it is not necessary for plaintiff to allege that agreed commissions were reasonable value of his services. *Newman* v. *Pierson,* 407.
10. Action for commissions for securing purchasers for real property who would assume obligation of bond — evidence insufficient to show that defendants agreed to formation of corporation for purchase of property and plaintiff was not entitled to commissions. *Rusher* v. *Watt,* 490.
11. In action to recover commissions under oral agreement to procure government contract, it was error for court to refuse defendant's offer to prove by parol evidence that commissions were to be paid on goods actually delivered — error to refuse defendant's request to instruct jury that oral testimony offered might be considered in connection with letter. *Metzger* v. *Coe-Stapley Manufacturing Corporation,* 664.
12. When agent procured purchaser agreeing to defendant's terms defendant had no right arbitrarily to change terms. *Polo* v. *Scheidt,* 903.

## PRIVILEGED COMMUNICATIONS.
See LIBEL.

## PROBATE.
See WILLS, 4–7.

## PROCESS.
PERSONAL SERVICE.
1. Service of summons on corporation will not be set aside on ground that it was not made on managing agent, authorized to receive service, where facts show exercise of powers of managing agent by person who alone is in apparent charge and control. *Municipal Mortgage Co.* v. *461 8th Ave. Co., Inc.*, 370.

SERVICE BY PUBLICATION.
2. Order for publication may be granted in action for money only against non-resident although attachment has not been levied — Code of Civil Procedure, sections 438, 439, as amended by Laws of 1920, chapter 478, construed — additional affidavits in support of warrant of attachment cured any infirmity in those originally submitted. *Del Piatta* v. *Mendoza*, 833.

SERVICE ON FOREIGN CORPORATIONS.
3. Service can only be made on president of corporation temporarily within State when corporation doing business within State. *Sunrise Lumber Co., Inc.*, v. *Biery Lumber Co.*, 170.

## PROFESSIONAL MISCONDUCT.
See ATTORNEY AND CLIENT, 2, 3.

## PROHIBITION.
1. Writ will not lie to restrain justice of Municipal Court of City of New York from transferring pending case to another district. *People ex rel. Wiesenthal* v. *Dunne*, 225.
2. Prohibition not proper remedy to prevent enforcement of invalid rule of Municipal Court of New York City. *People ex rel. Nassoit* v. *Young*, 513.

## PROMISSORY NOTES.
See BILLS AND NOTES.

## PUBLIC SERVICE COMMISSION.
See, also, GAS AND ELECTRICITY, 1, 2, 4, 5; RAILROADS, 1.

Findings of Commission will not be disturbed where, if made by jury, they would not be set aside as against weight of evidence. *People ex rel. N. Y. C. R. R. Co.* v. *Pub. Serv. Comm.*, 426.

## RAILROADS.
See, also, APPEAL, 3; MUNICIPAL CORPORATIONS, 2.

RECONSTRUCTION OF SWITCH.
1. Public Service Commission has jurisdiction to compel reconstruction of switch between railroads, Federal Transportation Act of 1920 not being applicable — evidence fully establishes necessity and convenience for reconstruction in this case. *People ex rel. N. Y. C. R. R. Co.* v. *Pub. Serv. Comm.*, 426.

INJURY TO PASSENGERS.
2. Release by mail clerk for personal injury is valid even though railroad company's negligence is conceded, no fraud being practiced and there being no mutual mistake of fact. *Miles* v. *New York Central Railroad Co.*, 748.

INJURY TO PERSON ON OR NEAR TRACK.
3. In personal injury action verdict in favor of one injured while walking on track held to be contrary to law of case as laid down by court. *Brandorff* v. *Rodgers & Hagerty, Inc.*, 396.

RATES.
4. Injunction *pendente lite* should not issue enjoining railroad from fixing rates where Federal courts have jurisdiction. *People* v. *Long Island Railroad Co.*, 897.

**RAPE.**

See CRIMES, 3.

**RATES.**

See APPEAL, 3; GAS AND ELECTRICITY, 1–5; RAILROADS, 4.

**REAL PROPERTY.**

See, also, EASEMENTS; EJECTMENT; LANDLORD AND TENANT; PARTITION; PRINCIPAL AND AGENT.

Action to recover real property and remove telephone poles where title is derived from State but no patent has issued under section 35 of Public Lands Law, *held* that at time of commencement of action plaintiff had good title to said land — defendant not claiming title to land cannot raise question that plaintiff has not received patent therefor — fact that Federal Government was in control of property temporarily is not good defense. *McPhillips* v. *New York Telephone Co.*, 643.

**RECEIVERS.**

See, also, CORPORATIONS, 15.

COSTS WHERE ACTION DISCONTINUED.

1. Where a stockholder of corporation has asked for an accounting and receivership and by stipulation between parties action is discontinued without costs, stockholder is liable for services and expenses of receivers. *McHarg* v. *Commonwealth Finance Corporation*, 862.

FOREIGN CORPORATIONS.

2. Courts of this State have jurisdiction to intervene in behalf of stockholders of foreign corporations and appoint receiver therefor. *McHarg* v. *Commonwealth Finance Corporation*, 862.

**REFERENCES.**

See, also, CONTEMPT, 2.

COMPULSORY REFERENCES.

1. Suit to have statutes fixing gas rates declared unreasonable and confiscatory — court may order reference where long and complicated accounts must be examined. *Bronx Gas & Electric Co.* v. *Public Service Comm.*, *First Dist.*, 554.

ON MOTIONS.

2. Reference on motion to set aside service of summons should not be ordered to take proof and report where facts show that person served with process was managing agent of corporation. *Municipal Mortgage Co.* v. *461 8th Ave. Co., Inc.*, 370.

3. Orders of reference upon motions should rarely be made and should be resorted to only in exceptional cases. *Slutzkin* v. *Gerhard & Hey, Inc.*, 559.

4. Suspending prosecution of action — on motion for arrest and suspension of prosecution of action where trial court determined that there were disputed facts arising from conflicting affidavits, a reference ordered as to several items was improper where same queries were admitted or not controverted, and other queries were either matters to be decided at later stage of case or were wholly irrelevant. *Slutzkin* v. *Gerhard & Hey, Inc.*, 559.

**REGULATIONS.**

[For tables containing all United States and municipal regulations cited and construed in this volume, see *ante*, p. lxxx.]

**RELEASE.**

See, also, EXECUTORS AND ADMINISTRATORS, 5.

VALIDITY.

1. Agreement to execute release though not signed by defendant may be good defense to action on note. *Gold* v. *Ross*, 721.

2. Release by mail clerk for personal injury is valid even though railroad company's negligence is conceded, no fraud being practiced and there being no mutual mistake of fact. *Miles* v. *New York Central Railroad Co.*, 748.

**RELEASE** — *Continued.*
EFFECT.
3. Release given to owner of another automobile does not preclude action against joint wrongdoer, since Debtor and Creditor Law allows joint debtor to make separate composition with his creditors — composition does not impair plaintiff's rights unless intent to release appears affirmatively upon face of instrument. *Warner v. Brill,* 64.

**REPLEVIN.**
WHEN ACTION MAINTAINABLE.
1. Property seized by clerk of police department of city of New York and not held or required as evidence may be recovered in replevin by assignee of person arrested — neither Greater New York charter nor Code of Criminal Procedure is bar to action — liability of clerk for refusal to deliver property — sufficiency of evidence to show bad faith on part of property clerk. *Duboff v. Haslan,* 117.
2. By one tenant in common against another — tenant and landowner become tenants in common of hay which tenant cuts under agreement to work farm on shares, and tenant, after demand and refusal, may maintain replevin for his share. *Taylor v. Embury,* 633.
COMPLAINT.
3. Complaint in action against property clerk in New York city police department to recover property seized and delivered to defendant's predecessor and by him to defendant, held to state facts sufficient to constitute a cause of action. *Duboff v. Haslan,* 117.

**RES IPSA LOQUITUR.**
*See* STREET RAILWAYS, 3.

**RES JUDICATA.**
*See* HUSBAND AND WIFE, 5; JUDGMENT, 2.

**REVISED LAWS.**
*See* STATUTES.
[For table containing all chapters cited and construed in this volume, see *ante,* p. lxviii.]

**REVISED STATUTES.**
*See* STATUTES.
[For table containing all parts, chapters, titles and sections cited and construed in this volume, see *ante,* p. lxvii.]

**REVIVOR.**
*See* WILLS, 7.

**ROBBERY.**
*See* CRIMES, 4.

**RULES.**
*See* APPEALS, 1; COURTS, 3; MUNICIPAL COURTS, 2.
[For table of Trial Term and Municipal Court Rules and all other rules cited and construed in this volume, see *ante,* p. lxxix.]

**SALES.**
*See, also,* ARBITRATION, 3; CONVERSION, 2.
CONTRACT OF SALE.
1. Correspondence between parties for the purpose of reducing to writing contract which they had made through broker sufficient to show *prima facie* making of contract — letter of buyer which would have been merely reiteration of seller's consent to buyer's proposition with respect to time of payment not condition precedent to making of valid contract. *Asinof & Sons, Inc., v. Freudenthal,* 79.
INTERPRETATION AND CONSTRUCTION OF CONTRACTS.
2. Judicial notice — court will take judicial notice of meaning of " sale of whisky in bond." *Turner-Looker Co. v. Aprile,* 706.
PERFORMANCE AND BREACH.
3. Condition in written contract may be waived by parol where seller knows condition has been filled — whether condition has been

**SALES** — *Continued.*

waived or abandoned by seller, by statements and representations, is for determination of jury. *Bellas Hess & Co., Inc.,* v. *Alexander & Co., Inc.,* 313.

4. Action by trustee in bankruptcy of buyer to recover for breach of contract of sale and purchase of quinine — failure of buyer to make payment on time pursuant to agreement constitutes breach. *Strasbourger* v. *Leerburger,* 480.

5. Embargo by foreign government in midst of World War is no defense to action for failure to deliver goods — when equity will give no relief on ground of mistake as to shipping conditions — prohibition of War Trade Board not effective after expiration of contract period. *Krulewitch* v. *National Importing & Trading Co., Inc.,* 544.

6. Tender of certified registered bonded warehouse certificate of whisky is equivalent to tender of whisky. *Turner-Looker Co.* v. *Aprile,* 706.

7. Title to whisky having passed plaintiff had right to sue for and recover contract price even though defendant had refused to accept it, under subdivision 1 of section 144 of Personal Property Law. *Turner-Looker Co.* v. *Aprile,* 706.

8. Damages on breach of contract to deliver coal during summer and winter of 1918 computed at thirty cents per ton in summer and fifty cents per ton in winter — control of coal by government did not affect contract to deliver seventy-eight tons per week — failure to pay for coal weekly immaterial. *Marrone* v. *Somers Coal Co., Inc.,* 903.

PASSING OF TITLE.

9. Overcoat clippings already made up in deliverable state at time written order therefor is received and bale of worsted clippings is in existence and only required sorting, title passed when latter were sorted and three bales set aside and tagged — no place of delivery specified in contract — seller's place is place of delivery — considering transaction as contract of sale, title to bale of worsted clippings would pass when put up, tagged and set aside in deliverable condition — consent of buyer to appropriation implied by sending truckman for goods, and by not making claim of right to make selection. *Boiko & Co., Inc.,* v. *Atlantic Woolen Mills, Inc.,* 207.

WARRANTIES.

10. Action for breach of warranty of house-heating plant — defense that plant was sold to and warranty given to dealer and not to plaintiff not sustained — interpretation of contract of warranty — use of boiler after test does not waive right to repudiate contract for breach of warranty — offer to return defective plant not necessary where defendant refuses to receive. *Stone* v. *Molby Boiler Co.,* 68.

11. In action for breach of warranty under contract of sale, allegations in complaint as to nationality and non-residence of defendant immaterial and motion to strike same out properly made by defendant. *Symington* v. *Haxton,* 85.

PLEADING.

12. Failure to allege date or dates of sales renders complaint indefinite and uncertain. *Royle* v. *McLaughlin,* 413.

13. Complaint stating two causes of action — action for purchase price of goods delivered and for damages for anticipatory breach — defendant entitled to have causes of action separately stated and numbered. *Sampson* v. *Pels Co.,* 487.

14. In action to recover price of goods sold instituted after goods had been tendered and refused, it is not necessary to allege when contract was to be performed. *Turner-Looker Co.* v. *Aprile,* 706.

15. Complaint in action to recover purchase price of goods not delivered does not state cause of action under Personal Property Law where facts showing passing of title not alleged — pleading should follow rule 1 of section 100 of Personal Property Law as to passing of title. *Robison & Co., Inc.,* v. *Kram, No. 1,* 873.

16. Complaint in action for purchase price of goods delivered and for goods tendered but not accepted where it is alleged that plaintiff delivered part of goods which defendant accepted but did not pay for

**SALES** — *Continued.*

and that plaintiff offered to deliver and tendered additional goods which defendant refused, is not subject to demurrer for insufficiency. *Robison & Co., Inc., v. Kram, No. 2,* 878.

Trial.

17. Evidence — in an action for breach of contract for the manufacture and sale of goods, evidence held to make out *prima facie* case of valid contract. *Bellas Hess & Co., Inc., v. Alexander & Co., Inc.,* 313.

18. On claim that goods were not as warranted letter from buyer stating reason for rejecting goods was admissible. *Klein v. Smith,* 876.

19. In action to recover purchase price of cloth, recovery cannot be had where proof was that of amount of goods delivered each piece contained 45 to 60 yards at agreed price per yard as there was no basis on which jury could calculate damages — error for court to charge that there was no dispute that plaintiff had sold and delivered merchandise of value alleged in complaint. *Klein v. Smith,* 870.

**SECOND CLASS CITIES.**

*See* Municipal Corporations, 3.

**SEPARATION.**

*See* Husband and Wife, 4–9.

**SESSION LAWS.**

[For table containing all Session Laws cited and construed in this volume, see *ante*, p. lxxiii.]

**SEWERS.**

*See* Municipal Corporations, 3.

**SHIPS AND SHIPPING.**

Action by seaman left on voyage to recover damages against shipowner and master is remediable by maritime law — such liability is enforcible in State court. *Keep v. White,* 736.

**SPECIAL AND LOCAL ASSESSMENTS.**

*See, also,* Municipal Corporations, 3–7.

Exemptions.

1. Statutory exemption of cemetery from assessment for construction is binding on common council, and is beyond remedy in suit by taxpayer for cancellation of assessment — assessment not extending to full depth of corner lots — omission and defects not amounting to " total want of jurisdiction to levy and assess " within meaning of Second Class Cities Law — ordinance putting one-half cost of sewer less than two feet in diameter is void under Second Class Cities Law — failure of property owner to resort to procedure laid down by statute for determination of grievances, effect of. *Leonhardt v. City of Yonkers,* 234.

2. Exemption of railroad property from assessment for cost of lands taken for street purposes — vacant lot adjoining right of way and not being necessary to enjoyment of franchise is subject to assessment, although it may be needed at future time for switch tracks — increase of value by reason of extension of street warrants levy and payment of proportionate share of cost. *People ex rel. N. Y., etc., R. Co. v. City of Buffalo,* 389.

Setting Aside Assessment.

3. Suit in equity to set aside assessment by city of Hudson for street curbing constructed under contract with State Highway Commission — waiver of defects in procedure by abutting lot owners having knowledge of defects estops them from making further complaint. *Levine v. Commission of Public Works of City of Hudson,* 351.

**SPECIFIC PERFORMANCE.**

*See* Vendor and Purchaser, 5–9.

**STATUTE OF FRAUDS.**

Sale of cable transfer of exchange is transfer of existing credit and is sale of chose in action which must be in writing to be enforcible if of value of more than fifty dollars. *Equitable Trust Co. v. Keene,* 384.

**STATUTES.**

See, also, CONSTITUTIONAL LAW, 1.

Sufficiency of emergency message by Governor certifying to necessity for immediate passage of bill — when examination of official records of Legislature to determine validity of statute is permissible — certification by Secretary of State as to passage of act does not preclude inquiry whether it was properly passed — parol evidence cannot be received to impeach official certification or journals of respective houses. *People ex rel. Durham Realty Corporation* v. *La Fetra*, 280.

[For tables of the Session Laws and Statutes cited and construed in this volume, see *ante*, p. lxvi et seq.]

**STAY OF PROCEEDINGS.**

See APPEAL, 10.

**STOCKBROKER.**

See CONTRACTS, 1, 4; CONVERSION, 1; PRINCIPAL AND AGENT, 1–4.

**STOCKHOLDERS.**

See CORPORATIONS, 4.

**STREET RAILWAYS.**

INJURY TO THIRD PERSON.

1. Maintenance of trolley pole in street — in action for personal injuries sustained in collision of automobile with trolley pole in middle of street, maintenance of such pole did not constitute negligence either on part of company or of acquiescing city — no obligation rested on company or city to maintain grass plots around trolley pole legitimately in center of street. *Wegmann* v. *City of New York*, 540.

INJURY TO PASSENGER.

2. Presumptions — in action for injury through collision of street car with motor truck court may properly charge that negligence may be presumed on part of carrier in absence of explanation of cause of accident consistent with ordinary care — such presumption rests upon duty carrier owes to passengers in connection with circumstances showing injury might have been occasioned by failure to perform such duty. *Plumb* v. *Richmond Light & R. R. Co.*, 254.

3. *Res ipsa loquitur* doctrine — action by passenger injured when struck by motor truck colliding with motor car — doctrine of *res ipsa loquitur* is not applicable since all agencies causing accident are not in control of either defendant. *Plumb* v. *Richmond Light & R. R. Co.*, 254.

4. Duty of alighting passenger — alighting passenger passing to rear of car must be satisfied that no car is operating on the adjoining track before passing into danger zone — fact that passenger did not get upon or within the rails of another track before injury does not exonerate from the charge of contributory negligence. *Wall* v. *International Railway Co.*, 685.

**STREETS.**

See MUNICIPAL CORPORATIONS, 2.

**SUBMISSION OF CONTROVERSY.**

The court is not at liberty to draw inferences from facts stipulated. *Lafrinz* v. *Whitney*, 131.

**SUMMARY PROCEEDINGS TO DISPOSSESS.**

See, also, LANDLORD AND TENANT, 5–10.

JURISDICTION.

1. Court's jurisdiction is not ousted by petitioner in summary proceedings alleging present ownership only. *Huyler's* v. *Broadway-John Street Corp.*, 410.

PERSONS AGAINST WHOM PROCEEDINGS MAY NOT BE MAINTAINED.

2. Summary proceedings cannot be maintained against tenant for failure to obey order of fire department respecting requirements of Labor Law, though lease contains covenant for forfeiture for failure so to do — such proceedings cannot be maintained under section 94

**SUMMARY PROCEEDINGS TO DISPOSSESS** — *Continued.*

of the Labor Law where lease did not obligate compliance with Labor Law but only with orders of municipal and other lawful authorities — ejectment proper remedy. *Davis Brothers Realty Corporation, Inc.,* v. *Harte,* 403.

PRECEPT.

3. Mandamus is appropriate proceeding to compel issuance of precept in summary proceedings. *People ex rel. Durham Realty Corporation* v. *La Fetra,* 280.

INJUNCTION RESTRAINING PROCEEDINGS.

4. Summary proceedings in Municipal Court of City of New York will not be restrained where matters set up constitute defenses which may be set up in answer. *Huyler's* v. *Broadway-John Street Corp.,* 410.

5. Injunction granted to restrain summary proceedings pending suit for specific performance of an agreement to renew lease — adequate remedy could not be afforded plaintiff in summary proceedings in Municipal Court of City of New York — summary proceedings tried after denial of injunction — injunction order not issued on appeal — leave may be given to apply for injunction if judgment in summary proceedings is reversed. *Loughman* v. *Lilliendahl,* 867.

**SUMMONS.**

*See* PROCESS.

**SURROGATE'S COURT.**

Jurisdiction — reinstatement of mortgage and cancellation of satisfaction piece cannot be made — offset of lapsed claim against distributive share. *Matter of Falcon,* 909.

**TAXATION.**

*See, also,* PARTITION, 11; SPECIAL AND LOCAL ASSESSMENTS.

ASSESSMENT GENERALLY.

1. Oil wells on leased land are assessable as real property against foreign corporation. *Matter of Hazelwood Oil Co.,* 23.

2. Listing property — assessment roll which omits first column ditto marks, referring to name and subdivision, but correctly uses them in column for owners, is imperfect — reference to map apparently not existing — tax sale notice is insufficient and void which mentions no map and gives no description of property. *McCoun* v. *Pierpont,* 726.

3. Where evidence leaves matter in doubt, it is province of assessors to determine value and amount of property subject to taxation — assessors are not limited to rules of evidence prevailing in courts. *People ex rel. Haile* v. *Parow,* 745.

REVIEW OF ASSESSMENT.

4. Conclusiveness of determination of assessors — determination of assessors not disturbed unless it clearly appears injustice has been done. *People ex rel. Haile* v. *Parow,* 745.

5. Costs — assessors are entitled to costs and disbursements where assessment sustained on review. *People ex rel. Haile* v. *Parow,* 745.

6. Review of assessment of property including mineral right — assessment sustained where relator has not overcome presumption that assessment is correct nor met burden of proof to show assessment erroneous. *People ex rel. Haile* v. *Parow,* 745.

SETTING ASIDE ASSESSMENT.

7. Suit in equity to set aside assessment by city of Hudson for street curbing constructed under contract with State Highway Commission — waiver of defects in procedure by abutting lot owners having knowledge of defects estops them from making further complaint. *Levine* v. *Commission of Public Works of City of Hudson,* 351.

BOARD OF ASSESSORS.

8. Assessment — resolution of assessors of city of New York reducing assessment may not be disregarded by new board although assessment roll is not changed. *People ex rel. Morewood Realty Holding Co.* v. *Cantor,* 190; *People ex rel. Marloew Amusement Co.* v. *Cantor,* 193.

9. Filing decision of tax board — Greater New York charter requiring decision of tax board to be filed within thirty days after close of

**TAXATION** — *Continued.*

hearing is merely directory — failure to act within thirty days gives new board no jurisdiction to act. *People ex rel. Morewood Realty Holding Co.* v. *Cantor*, 190; *People ex rel. Marloew Amusement Co.* v. *Cantor*, 193.

Tax Sale.

10. Tax notice mentioning no map and giving no description by which property can be identified is insufficient. *McCoun* v. *Pierpont*, 726.

11. Refund — under section 156 of Tax Law, refund may be claimed of what was paid for deed on void sale. *McCoun* v. *Pierpont*, 726.

Income Tax.

12. Person is engaged in carrying on business within section 351 of Tax Law, where he maintains office for buying and selling goods for foreign trade although goods are stored only to await cargo space, and where he fills orders received by commission merchants from foreign trade — tax laid thereon is not tax on exports within meaning of Federal Constitution — re-enactment of Tax Law curing portion formally declared unconstitutional does not render assessment invalid by the fact that it is retroactive in operation. *People ex rel. Stafford* v. *Travis*, 635.

13. Effect of re-enactment — it is not necessary to reimpose a tax after a portion of a tax law has been declared unconstitutional where Legislature subsequently corrects defect. *People ex rel. Stafford* v. *Travis*, 635.

Transfer Tax.

14. Stock of domestic corporation owned by decedent and pledged as collateral to another domestic corporation for loan larger than value of pledge is not part of assessable assets — payment by executor of part of loan does not make excess of collateral assessable — issuance of ancillary letters does not alter rule. *Matter of Hallenbeck*, 381.

15. Trust deeds conveying property to trustee to have and to hold and to invest same and to receive income, issues and profits pass title to trustee, and property is not subject to transfer tax on death of trustor — reservations by trustor of privilege with approval of trustee of altering, amending or extending terms of trust, coupled with failure of trustor to exercise right during lifetime is immaterial. *Matter of Bowers*, 548.

**TENANTS IN COMMON.**

Replevin — tenant and landowner become tenants in common of hay which tenant cuts under agreement to work farm on shares, and tenant, after demand and refusal, may maintain replevin for his share. *Taylor* v. *Embury*, 633.

**TRESPASS.**

*See* Canals; Nuisance.

**TRIAL.**

*See, also,* Crimes, 1; Motor Vehicles, 5; References; Sales, 17–19; Street Railways, 2; Wills, 4–7.

In General.

1. Defendant cannot raise question after commencement of action for purchase price of whisky that plaintiff disposed of same where defendant did not ask to amend his answer. *Turner-Looker Co.* v. *Aprile*, 706.

Trial by Jury.

2. In action for partition parties are entitled as of right to have issue tried by jury though case is noticed for trial at Equity Term — practice in First Judicial District where issues are ordered tried by jury — application to Special Term, Part III, for interlocutory judgment may be made — no issue as to wills should be stated in such action. *Sinclair* v. *Purdy*, 398.

Place of Trial.

3. Change of venue in action by domestic corporation will be denied where action is brought in county to which it has removed its principal

**TRIAL** — *Continued.*

place of business — affidavits on alleged convenience of witnesses on motion to change venue insufficient — trial preferred in rural counties rather than in New York city. *Carvel Court Realty Co., Inc.*, v. *Jonas*, 662.

EVIDENCE.

4. Testimony by proponent of will that neither she nor her sister requested father to make will in her favor was not incompetent under section 829 of Code of Civil Procedure, where evidence had been admitted that such request had been made and that father had refused. *Matter of Gratton*, 32.

INSTRUCTIONS.

·5. Charge that jury might consider failure of proponent of will to call doctor who was third witness, while not reversible error, is subject to criticism. *Matter of Bossom*, 339.

VERDICT.

6. Damages excessive where evidence insufficient to show that condition of eye was due solely to accident. *Herbst* v. *Bellack*, 928.

OPENING CASE.

7. Motion after dismissal of complaint to open case and introduce new evidence should be granted where only issues litigated can be determined thereby. *Asserson* v. *City of New York*, 12.

**TRUSTS.**

*See, also,* TAXATION, 15.

Transfer of property before entry of judgment — trust will not be impressed on certain property which was transferred after verdict and before judgment entered — lien of judgment is not prior to that of deed. *Boyle* v. *Blankenhorn*, 265.

**ULTRA VIRES CONTRACTS.**

*See* CORPORATIONS, 6, 7.

**UNITED STATES.**

[For tables containing all sections of the United States Constitution, Revised Statutes, Statutes, Criminal Code, Judicial Code, Proclamations and Regulations cited and construed in this volume, see *ante*, pp. lxvi, lxvii and lxxx.]

**UNITED STATES SHIPPING BOARD.**

*See* CORPORATIONS, 11.

**USURY.**

*See* BANKS AND BANKING, 2.

**VENDOR AND PURCHASER.**

*See, also,* PRINCIPAL AND AGENT, 10.

CONTRACT OF SALE.

1. Mechanics' liens filed between date of contract of purchase and date for closing constitute incumbrance. *Roberts* v. *New York Life Ins. Co.*, 97.

2. Obligation of parties to an executory contract of purchase are concurrent and dependent — no recovery of damages for vendor's breach can be had without allegation and proof of vendee's readiness and willingness to perform — tender and demand by vendee not necessary where vendor refuses in advance to comply with terms, or places himself in position where performance is impossible. *Roberts* v. *New York Life Ins. Co.*, 97.

INCUMBRANCES.

3. Mechanics' liens filed between date of contract of purchase and date for closing constitute an incumbrance and the purchaser has the right to recover back payment on account of purchase price where vendee refuses to remove such incumbrance. *Roberts* v. *New York Life Ins. Co.*, 97.

**VENDOR AND PURCHASER** — *Continued.*

EFFECT OF CONTRACT ON TITLE.

4. Contract for sale of real property does not create objection to title — different situation may be created, however, where deed contains clause stating that it is subject to option agreement. *Mandel v. Guardian Holding Co., Inc.*, 576.

SPECIFIC PERFORMANCE.

5. Bill of particulars may be required as to consideration of option in action for specific performance thereof after property is conveyed to another during life of option. *Mandel v. Guardian Holding Co., Inc.*, 576.

6. Before judgment for specific performance of contract to convey by metes and bounds is made, parol evidence should be admitted to establish metes and bounds where description is not given in contract. *Weintraub v. Kruse*, 807.

7. Where a wife refuses to join in deed and has been examined as witness orderly procedure is for plaintiff to elect to sue for damages or to take subject to wife's dower with abatement in consideration. *Weintraub v. Kruse*, 807.

8. If plaintiff seeks damages instead of specific performance where wife refuses to join in conveyance, evidence as to age of husband and wife requisite to determine value of dower right should be submitted at trial. *Weintraub v. Kruse*, 807.

9. Discretion of court in refusing specific performance of contract will not be interfered with where defendant had granted many extensions of time without result. *Weeks v. Miller*, 909.

**VENUE.**

See CORPORATIONS, 2; TRIAL, 3.

**WAIVER.**

Condition as to manufacture of goods — waiver of condition in written contract may be waived by parol where seller knows condition has been filled — whether condition has been waived or abandoned, by seller, by statements and representations, is for determination of jury. *Bellas Hess & Co., Inc., v. Alexander & Co., Inc.*, 313.

**WARRANTY.**

See ARBITRATION 1; SALES, 10, 11.

**WAR TRADE BOARD.**

See SALES, 5.

**WATERS AND WATERCOURSES.**

See, also, CANALS.

Hudson river between Washington and Saratoga counties is navigable. *Thompson v. Fort Miller Pulp & Paper Co.*, 271.

**WILLS.**

See, also, PARTITION, 2.

EXECUTION.

1. A codicil which was properly executed and referred to a will annexed thereto did not make the defectively executed will part of the codicil or authorize its probate. *Matter of Lawler*, 27.

LEGACIES.

2. Construction of bequest " to each person * * * customarily employed as part of my household," includes watchman performing duties in and about premises under supervision of testator or butlers employed by him. *Lafrinz v. Whitney*, 131.

3. Legatee who has assigned legacy for advances in excess of distributive share and who is also judgment creditor of another legatee, has no standing in court on judicial settlement. *Matter of Pluym*, 565.

PROBATE.

4. Where evidence introduced as to execution of will was conflicting and raised clear question of fact, it was error for surrogate to refuse to submit to jury question whether will was executed in compliance with

**WILLS** — *Continued.*

Decedent Estate Law, section 21, and to hold as matter of law that will had been properly executed. *Matter of Lawler,* 27.

5. Testimony by proponent of will that neither she nor her sister requested father to make will in her favor was not incompetent under section 829 of Code of Civil Procedure, where evidence had been admitted that such request had been made and that father had refused. *Matter of Gratton,* 32.

6. Finding of lack of testamentary capacity and undue influence against weight of evidence — party who has been called to stand to testify may be contradicted and credibility impaired by witnesses called for such purpose without putting same question in form to party — instruction that jury might consider failure of proponent to call doctor, third witness to will, while not reversible error, is subject to criticism. *Matter of Bossom,* 339.

7. Motion by administratrix of contestant for revival of lapsed proceeding to set aside decree of probate after abortive attempts to establish claim against estate will be denied, especially where inference of bad faith exists and validity of will had been determined in prior proceeding. *Matter of Leslie,* 571.

## WITNESSES.

*See, also,* Contempt, 2; Trial, 3.

Witness not guilty of contempt by refusing to testify before referee where order of reference was granted and refusal to testify took place before complaint was verified and summons served. *Finkenberg, Inc.,* v. *Crompton Building Corporation,* 20.

## WORKMEN'S COMPENSATION LAW.

*See, also,* Pleadings, 3, 4, 8.

Purpose of Law.

1. Purpose of Workmen's Compensation Law was to provide compensation for industrial accidents inherent in modern system of production. *Donovan* v. *Alliance Electric Co.,* 678.

Theory of Law.

2. Theory of Workmen's Compensation Law is that accidents of industry are proper overhead charges — Commission cannot enlarge scope of statute to include infectious diseases. *Donovan* v. *Alliance Electric Co.,* 678.

Constitutionality.

3. Provision for payment of death benefit to treasurer — provision of Workmen's Compensation Law relative to payment to State Treasurer of $900, where no dependents survive is valid. *Watkinson* v. *Hotel Pennsylvania,* 624.

Admiralty and Maritime Employment.

4. Jurisdiction may not be determined by parties and question may be raised first on appeal — expert stevedore employed by shipper to supervise loading of cargo is not engaged in maritime employment — test as to whether employee is engaged in maritime employment. *Newham* v. *Chile Exploration Co.,* 291.

Relation of Parties.

5. Evidence held to show that person cutting timber was not employee of alleged employer, a corporation, at time of his death. *Skeels* v. *Paul Smith's Hotel Co.,* 39.

6. Applicant for work injured during test respecting knowledge of operation of machine is not employee. *Lederson* v. *Cassidy & Dorfman,* 613.

7. Independent contractor injured while painting building for third party is not entitled to compensation. *Svolos* v. *Marsch & Co.,* 674.

Election of Employer.

8. Election by employer to come under provisions of statute evidenced by posting notices in men's rooms at boarding house. *Posey* v. *Moynehan,* 440.

## WORKMEN'S COMPENSATION LAW — *Continued.* ]

EXEMPTED PURSUITS.

9. Barnman in employ of person in lumbering business is not engaged in farming although farm is operated as adjunct to principal business. *Posey* v. *Moynehan*, 440.

ACCIDENTAL INJURY OR DEATH.

10. "Lobar pneumonia" with "contributory myocarditis" — injury to side causing.   *Delso* v. *Crucible Steel Co.*, 288.

11. Death from heart disease following injury — evidence does not establish causal relation between.   *Nestor* v. *Pabst Brewing Co.*, 434.

12. Death from pulmonary tuberculosis following injury — evidence established causal relation between injury to car washer and subsequent death thereafter from tuberculosis.   *McGoey* v. *Turin Garage & Supply Co.*, 436.

13. Statement of watchman found in dying condition confirmed by physical facts is sufficient to warrant a finding that an accident occurred. *O'Sullivan* v. *Woods Theatre Co.*, 609.

14. Bell boy who was missed during tour of hotel while on duty and later found dead in elevator shaft, held to have met death by accident.   *Watkinson* v. *Hotel Pennsylvania*, 624.

15. Diphtheria — millwright contracting diphtheria after exposure is not injured by accident where his work for three or four months had from time to time caused like exposure.   *Bixby* v. *Cotswold Comfortable Co.*, 659.

16. Freezing — employee freezing hand while floating ice at time when thermometer registers fourteen degrees below zero, suffers accident. *Quick* v. *Illston Ice Co.*, 676.

17. Employee sustaining blow on head who subsequently developed sleeping sickness, does not suffer accidental injury — said disease is infectious and not due to trauma.   *Donovan* v. *Alliance Electric Co.*, 678.

18. Pneumonia — insufficiency of evidence that accidental injury created weakened condition or that weakened condition existed when pneumonia was contracted, or that there was any causal connection between injury and death.   *Rauth* v. *Schaefer & Son*, 951.

ARISING OUT OF AND IN COURSE OF EMPLOYMENT.

19. Workman slipping on curb of public highway in adjoining State while proceeding to place of work — injury not accidental or arising out of and in course of his employment, although there was agreement between labor organization and employers providing that workmen employed outside city district must be at limit of city district nearest to place of work as near eight o'clock as possible.   *Keller* v. *Reis & Donovan, Inc.*, 45.

20. Injury sustained in fight initiated by employee engaged in "horseplay" does not arise out of and in course of employment. *Stein* v. *Williams Printing Co.*, 336.

21. Temporary lull in activities does not take employee out of course of employment.   *Posey* v. *Moynehan*, 440.

HAZARDOUS EMPLOYMENT.

22. Chemical experiments carried on by school teacher, where such experiments are prescribed by Education Law, are not hazardous. *Beeman* v. *Board of Education*, 357.

23. Lumbering — barnman around headquarters of employer engaged in lumbering and who maintained boarding house is engaged in hazardous employment under group 14, section 2 — lull in activities of plant did not relieve insurance carrier.   *Posey* v. *Moynehan*, 440.

WAGES.

24. Where weekly wages are twenty-two dollars a week, computation of compensation should be two-thirds of same, and not fifteen dollars. *Taft* v. *Champlain Silk Mills*, 917.

SPECIFIC SCHEDULE.

25. Fracture of lower end of bone of right leg followed by amputation of leg at middle of one-third of right thigh after discovery of existence of malignant bone cancer — cancer does not warrant award for loss of leg.   *Brady* v. *Holbrook, Cabot & Rollins Corp.*, 74.

**WORKMEN'S COMPENSATION LAW** — *Continued.*

26. Commission may not disregard medical testimony as to proportionate loss of member and make award in excess of such proportionate loss as determined solely by deputy's examination. *Schemerhorn* v. *General Electric Co.*, 670.

27. Loss of fourth finger and loss of use of third finger — authority of Industrial Commission, after award under section 15 to increase award under section 74, sustained — payment of increased award should commence when first terminated. *Polucci* v. *Norris Co.*, 805.

DEPENDENCY.

28. Mother not dependent upon son at time of death where evidence shows receipt from husband and several children approximately of one hundred dollars per week, and that she owned two houses with an equity of several thousand dollars and had an income of approximately fifty-four dollars per week. *Hoffman* v. *Van Benthuysen Co.*, 76.

NOTICE OR KNOWLEDGE OF INJURY.

29. Notice of claim must be filed by mother of illegitimate child within statutory period, and not by guardian — failure of mother to file within prescribed time fatal. *Grillo* v. *Sherman-Stalter Co.*, 362.

30. Commission should follow rules laid down by Court of Appeals and not treat provision as to notice as mere matter of form — failure to give notice should not be excused unless evidence shows that employer and insurance carrier were not prejudiced thereby — notice that employee is suffering from germ disease is not notice of accidental injury — requirements as to notice are conditions precedent to right to award. *Bixby* v. *Cotswold Comfortable Co.*, 659.

31. Employer not prejudiced by failure of employee to give notice where insurance carrier was represented at hearing. *Quick* v. *Illston Ice Co.*, 676.

32. Effect of 1918 amendment of law extending time for giving notice of injury. *Struzycki* v. *Smith Contracting Co.*, 945.

AWARD.

33. Limit of award is date fixed by physician of Commission, in absence of evidence to contrary. *Grunsick* v. *Schaefer & Son*, 334.

34. Informal proceedings for increase of award disapproved. *Pollucci* v. *Norris Co.*, 805.

PAYMENT.

35. Where award is properly increased under section 74 payment thereof should commence at termination of previous award. *Pollucci* v. *Norris Co.*, 805.

EVIDENCE AND PRESUMPTIONS.

36. Finding that injury caused disability for certain period held insufficient under established fact in case. *Grunsick* v. *Schaefer & Son*, 334.

37. Burden that disability did not extend beyond certain fixed date is on claimant and presumptions raised by section 21 have no application. *Grunsick* v. *Schaefer & Son*, 334.

38. Foreign certificates of births and marriages not evidence of relationship between decedent and alleged widow such as is required by Code of Civil Procedure. *Grillo* v. *Sherman-Stalter Co.*, 362.

39. Burden of proof — continuance of disability, burden of proof on claimant to show. *Nidds* v. *Sterling Ceiling & Lathing Co.*, 432.

40. Section 21 of Workmen's Compensation Law, relating to presumptions, was applicable to death from pulmonary tuberculosis following injury. *McGoey* v. *Turin Garage & Supply Co.*, 436.

41. Hospital records showing deceased was treated for hemiplegia on a prior occasion, where hospital authorities could give no account of how records were made, but stated that they were made from information acquired almost any way, are insufficient to prove similar attack. *O'Sullivan* v. *Woods Theatre Co.*, 609.

42. Same quality of evidence as to conduct of deceased is not required in death cases as in other cases. *O'Sullivan* v. *Woods Theatre Co.*, 609.

**WORKMEN'S COMPENSATION LAW** — *Continued.*

43. Workmen's Compensation Law relating to compensation for specific injury does not delegate to Commission power arbitrarily to determine proportionate loss of use of member, nor can such power be presumed in view of constitutional guarantees against arbitrary power in any department of government — proportionate loss of use of member seems to be question for determination by those having expert knowledge. *Schemerhorn* v. *General Electric Co.*, 670.

JURISDICTION OF COMMISSION.

44. Jurisdictional fact of contract of employment must be established by due process of law, mere scintilla of evidence not being sufficient. *Skeels* v. *Paul Smith's Hotel Co.*, 39.

45. Commission has no power to set aside deliberate contracts of parties or close its eyes to terms and conditions of contracts — where contract constitutes claimant an independent contractor powers of Commission are at an end. *Svolos* v. *Marsch & Co.*, 674.

DISABILITY, CONTINUANCE, ETC.

46. Fact that claimant will not work while waiting for larger allowance does not justify finding that disability continues. *Grunsick* v. *Schaefer & Son*, 334.

47. Burden of proof is on claimant to show continuance of disability. *Nidds* v. *Sterling Ceiling & Lathing Co.*, 432.

APPEAL AND REVIEW.

48. Appellate Division is not at liberty to interfere with findings of Commission that injury caused pneumonia where many circumstances corroborated opinion of experts. *Delso* v. *Crucible Steel Co.*, 288.

**WRONGFUL DISCHARGE.**

*See* MASTER AND SERVANT, 2–4.